GERALD R. LAROCQUE'S (dependents') CASE.

No. 90-P-1090.

Berkshire. October 15, 1991. - December 11, 1991.

Present: ARMSTRONG, SMITH, & PORADA, JJ.

*Workers' Compensation Act*, Injuries to which act applies.

The Industrial Accident Reviewing Board properly determined that an em-
ployee's death from a myocardial infarction two weeks after he had
been discharged did not occur in the course of his employment, where
the employee suffered the attack at home and at a time when he was
not engaging in any activity for the benefit of the employer. [658-660]

APPEAL from a decision of the Industrial Accident Re-
viewing Board.

The case was reported by *Warner*, C.J.

*William A. Rota* for the claimants.

*Carmen W. Picknally, Jr.*, Assistant Attorney General, for
the Commonwealth.

PORADA, J. The only issue presented in this appeal is
whether the employee's death occurred in the course of his
employment under the Workers' Compensation Act, G. L.
c. 152, § 26. The reviewing board (board) of the Depart-
ment of Industrial Accidents found that it did not and denied
his widow benefits under G. L. c. 152, § 31. The matter was
reported to panel of this court pursuant to the Standing Or-
der Implementing the Interim Rule for Processing Appeals
to a Single Justice in Workers' Compensation Cases (1987).

We summarize the facts, which are not in dispute. Gerald
R. LaRocque was employed as a custodian at the Berkshire
Community College. On January 26, 1984, the college termi-
nated his employment based on an unrelated matter. On
February 6, 1984, he testified at a grievance hearing that he
had filed a false report concerning the cause of a hand injury

for which he had collected workers' compensation benefits in 1983. As a result, on February 10, 1984, the dean of the college telephoned him at his home to request that LaRocque and his union steward meet with him to discuss LaRocque's 1983 claim for workers' compensation. Immediately following this conversation, LaRocque telephoned his brother-in-law, a college employee, to report his conversation with the dean. After speaking with him, LaRocque said to his wife, "We got a problem." He then collapsed and died. His death was a result of a myocardial infarction. The only medical evidence presented to the hearing officer was the testimony of LaRocque's physician, who had treated him for heart disease since April 6, 1981. The physician testified that LaRocque's angina was induced by emotional stress and that there was "a very probable relationship between the telephone calls and the cause of death" and that the call from the dean of the college was "the principal call . . . that was probably related to the acute heart attack."

The single member of the Industrial Accident Board found that LaRocque's death did not arise out of and in the course of his employment and dismissed the claim for benefits. On appeal, the Industrial Accident Reviewing Board affirmed the denial of benefits on the ground that his death did not occur in the course of his employment. Accordingly, the reviewing board found it unnecessary to determine whether his death "arose out of" his employment. We affirm the reviewing board's decision.

The determination whether an injury "arose out of" and "in the course of" employment is a question of fact to be decided by the single member. *Corraro's Case*, 380 Mass. 357, 359 (1980). The decision of the reviewing board is not to be reversed unless it is based upon an error of law, made upon unlawful procedure, or unsupported by substantial evidence. *Lettich's Case*, 403 Mass. 389, 395 (1988).

In order for an injury to be compensable, the injury must not only "arise out of" but also "in the course of" employment. G. L. c. 152, § 26. "Arising out of" refers to the causal origin, see *Zerofski's Case*, 385 Mass. 590, 592

(1982), while "in the course of" refers mainly to the time, place, and circumstances of the injury in relation to the employment, see *Corraro's Case*, 380 Mass. at 359-361; see also Locke, Workmen's Compensation § 261 (2d ed. 1981); 1 Larson, Workmen's Compensation § 6.10 (1991).

In determining whether LaRocque's death occurred in the course of his employment, we first consider the time and place of his death in relation to his employment. It is undisputed that LaRocque's death occurred at home at least two weeks after his discharge. Generally, termination of employment extinguishes an employer's liability for an injury to an employee which occurs after his discharge. *Harvey's Case*, 295 Mass. 300 (1936); *Foley v. Polaroid Corp.*, 381 Mass. 545, 549 (1980). However, the Supreme Judicial Court, in the only post-termination case in this jurisdiction, extended coverage under the act to an employee who, subsequent to discharge, was injured while leaving his employer's premises and winding up his affairs. *Zygmuntowicz v. American Steel & Wire Co.*, 240 Mass. 421, 423-424 (1922). Other jurisdictions have extended workers' compensation benefits to employees who sustain injuries while leaving or returning to their employers' premises to wind up their affairs within a reasonable time after termination. *W.B. Davis & Son v. Ruple*, 222 Ala. 52 (1930). *Nicholson v. Industrial Commn.*, 76 Ariz. 105 (1953). *Peterson v. Moran*, 111 Cal. App. 2d 766 (1952). *Mitchell v. Hizer*, 73 Cal. App. 3d 499 (1977). *Hill v. Gregg, Gibson & Gregg, Inc.*, 260 So. 2d 193 (Fla. 1972). *Woodward v. St. Joseph's Hosp. of Atlanta*, 160 Ga. App. 676 (1981). *Guntrop-Warren Printing Co. v. Industrial Commn.*, 74 Ill. 2d 252 (1979). *Leonhardt Enterprises v. Houseman*, 562 P.2d 515 (Okla. 1977). *INA of Texas v. Bryant*, 686 S.W.2d 614 (Tex. 1985). See also Annotation, Workmen's compensation: injury after discharge, 56 A.L.R. 859 (1928) and 69 A.L.R. 1121 (1930). The key to coverage in all these cases is that the post-termination activity is closely related to the employment, both in time and place. In contrast, LaRocque's fatal heart attack here lacked proxim-

ity, both in time and place, to his employment because it occurred two weeks after his termination and at home.

Also to be examined in determining whether the employee's heart attack occurred in the "course of his employment" are the circumstances of its occurrence. Even though an injury occurs off the employer's premises or outside normal working hours, it may be compensable under the Workers' Compensation Act, if the employee at the time of the injury was engaged in the furtherance of his employer's business or in pursuit of some benefit to his employer. *Chapman's Case*, 321 Mass. 705, 710 (1947). *Canavan's Case*, 364 Mass. 762, 765 (1974). See *Thore* v. *Chesterfield County Bd. of Supervisors*, 10 Va. App. 327, 334 (1990) (A deputy sheriff who had resigned her position was allowed to recover compensation for injury received in a fall at the court house where she appeared to testify in a criminal case as the arresting officer). In this case, at the time of his heart attack, LaRocque was at home and not performing any work for the college or engaging in any activity for the benefit of the college. See *Hepp* v. *Workmen's Compensation Appeal Bd.*, 67 Pa. Commw. 330 (1982) (employee's psychiatric illness precipitated by receipt of notice of termination at home by a telephone call from his employer deemed not to have arisen out of the furtherance and pursuit of the business affairs of the employer).

We conclude that the board properly determined that the myocardial infarction sustained by the employee, resulting in his death, did not occur in the course of his employment. The report of the single justice is discharged. The decision of the Industrial Accident Reviewing Board is affirmed.

*So ordered.*