Lenk, J.
The plaintiff Donata Tramontozzi instituted the present action against the defendants the Watertown School Committee (“School Committee”), the Town of Watertown (“Town”), and John R. Bums (“Bums”). In her amended complaint, Tramontozzi alleges that Bums, the principal of Watertown Middle School, committed an assault and battery (Count I) and falsely imprisoned her (Count II). The complaint also avers that the School Committee and Town negligently failed to supervise and/or discipline defendant Bums (Count III).
The case now comes before this court on defendants’ Motion to Dismiss Counts I and III pursuant to Mass.R.Civ.P. 12(b)(1) and (6). As reasons therefor, the defendants assert that the plaintiff failed to make adequate presentment of her claim under Count III, and that in any event Counts I and III are barred by the exclusivity provisions of the Workers’ Compensation Act, G.L.c. 152, §§24 and 26. For the reasons stated below, the defendants’ motion to dismiss is allowed.
BACKGROUND
The plaintiff Donata Tramontozzi ("Tramontozzi”) alleges the following.[1] On September 20, 1991, Tramontozzi, an English teacher at Watertown Middle School, approached principal Bums to ask a scheduling question. In response, Burns became verbally upset and pushed Tramontozzi through two offices and into a third office. As a result, Tramontozzi formally filed a grievance within five days against Burns through her collective bargaining representative, the Watertown Teachers’ Association.
On November 16, 1992, Tramontozzi filed a ten-count complaint against the School Committee, Town, and Bums. The defendants filed a Motion to Dismiss Counts II, IV, V, VI, VII, VIII, IX, and X of the complaint. On June 2, 1993, this court (McHugh, J.) granted the defendants’ motion with leave to amend.
On June 30, 1993, Tramontozzi filed an amended complaint alleging assault and battery (Count I) and false imprisonment (Count II) against defendant Burns, and negligent supervision and/or discipline against the School Committee and Town (Count III). The defendants now move to dismiss Counts I and III pursuant to Mass.R.Civ.P. 12(b)(1) and (6), asserting faulty presentment under G.L.c. 258, §4 (Count III) and that these claims are barred by the exclusivity provision of the Workers’ Compensation Act, G.L.c. 152, §§24 and 26 (Counts I and III).
DISCUSSION
In addressing a motion to dismiss under Mass.R.Civ.P. 12(b)(6), the court has the authority to dismiss a complaint for failure to state a claim upon which relief can be granted if “the plaintiff can prove no set of facts in support of [itsl claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979); Charbonnier v. Amico, 367 Mass. 146, 152 (1975). All inferences should be drawn in the plaintiffs favor and the complaint “is to be construed so as to do substantial justice . . .” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991). A complaint should not be dismissed simply because it asserts a new or extreme theory of liability or improbable facts. Bell v. Mazza, 394 Mass. 176, 183 (1985); see generally New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988); Jenkins v. Jenkins, 15 Mass.App.Ct. 934 (1983).
A. Presentment
In moving to dismiss Count III of the amended complaint the defendants assert that Tramontozzi never sent a presentment letter informing the School Committee and Town of her negligent supervision and/or discipline claim as required by G.L.C. 258, §4. In opposition, Tramontozzi contends that the initiation of the grievance procedure under the collective bargaining agreement was sufficient to provide the requisite notice of her claim. Moreover, Tramontozzi asserts that since the School Committee chairperson was aware of her grievance against defendant Bums for assault and battery and false imprisonment, and undertook an investigation of her grievance, the School Committee had actual notice *191 of Tramontozzi’s claim to satisfy the presentment requirement. I disagree.
The Massachusetts Tort Claims Act, G.L.c. 258, §§1-13 (the “Act”), passed by the Legislature in 1978, partially abrogated the common law doctrine of sovereign immunity for certain tort actions against public employers. G.L.c. 258, §§1-13; Dinsky v. Framingham, 386 Mass. 801, 804 (1982); Rogers v. Metropolitan District Comm’n, 18 Mass.App.Ct 337, 338-39, rev. denied, 393 Mass. 1102 (1984).[2] Section 2 of the Act holds public employers “liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office of employment. . .” G.L.c. 258, §2. While the Act explicitly exempts intentional torts from its ambit, G.L.c. 258, §10(c), it covers claims arising out of ordinary or gross negligence “because such a claim qualifies as a ‘negligent or wrongful act or omission’ under §2.” McNamara v. Honeyman, 406 Mass. 43, 46 (1989). Nevertheless, the liability of public employers based upon common law claims is not precluded in areas to which the Act has no application. Lane v. Commonwealth, 401 Mass. 549, 551 (1988).
Under General Laws c. 258, §4, “[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . .” G.L.c. 258, §4. Accord Berube v. Northampton, 413 Mass. 635, 637 (1992). All actions based on the Massachusetts Torts Claim Act are subject to the presentment requirement of G.L.c. 258, §4, unless specifically exempted by statute. Fearon v. Commonwealth, 394 Mass. 50, 53 (1985).[3]
“Presentment ensures that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future.” Gilmore v. Commonwealth, 417 Mass. 718, 721-22 (1994), quoting Lodge v. District Attorney for the Suffolk District, 21 Mass.App.Ct. 277, 283 (1985), rev. denied, 396 Mass. 1106 (1986). It is axiomatic that the filing of a complaint is insufficient to constitute presentment under the Act. E.g. Berube v. Northampton, 413 Mass. 635, 637 (1992); Pickett v. Commonwealth, 33 Mass.App.Ct. 645, 646-47 (1991), rev. denied 414 Mass. 1103 (1993); Krasnow v. Allen, 29 Mass.App.Ct. 562 (1990), rev. denied 409 Mass. 1102 (1991). Since the presentment requirement is viewed as “a condition precedent to the assertion of a right created by the Act,” George v. Saugus, 394 Mass. 40, 41 (1985), presentment must occur prior to bringing suit. Krasnow v. Allen, 29 Mass.App.Ct. 562, 568 n.8 (1990), rev. denied 409 Mass. 1102 (1991). “Without actual presentment in strict compliance with the statute, the executive officer with authority to settle the claim could not be assured of an adequate opportunity to investigate the surrounding circumstances of that claim in order to determine whether an offer of settlement should be made.” Weaver v. Commonwealth, 387 Mass. 43, 47 (1982).
Presentment “must be made ‘in strict compliance with the statute.’ ” Gilmore v. Commonwealth, 417 Mass. 718, 721 (1994), quoting Weaver v. Commonwealth, 387 Mass. 43, 47 (1982). Accord Pickett v. Commonwealth, 33 Mass.App.Ct. 645, 646 (1992), rev. denied 414 Mass. 1103 (1993). Where the public employer is a school committee, presentment must be made to the committee chairperson. Perez v. Amherst-Pelham Regional School Committee, 410 Mass. 396, 398 (1991). “(I]n the case of a city or town, presentment. . . shall be deemed sufficient if presented to any of the following: mayor, city manager, town manager, corporation counsel, city solicitor, town counsel, city clerk, town clerk, chairman of the board of selectmen, or executive secretary of the board of selectmen ...” G.L.c. 258, §4.
The grievance which Tramontozzi filed did not notify the School Committee of her claim for negligent supervision and/or discipline. Rather, Tramontozzi’s grievance concerned an intentional tort committed by defendant Burns. Where, as here, the School Committee received notice of a claim explicitly barred under the Torts Claim Act, G.L.c. 258, §10(c), presentment is inadequate. See Tambolleo v. West Boylston, 34 Mass.App.Ct. 526 (presentment inadequate where letter described an intentional tort clearly barred by G.L.c. 258, § 10(c) while complaint alleged negligence), rev. denied 416 Mass. 1103 (1993). Moreover, the filing of a grievance over an intentional tort pursuant to a collective bargaining agreement is “so obscure that educated public officials should find themselves baffled or misled” by the asserted negligence claim. Gilmore v. Commonwealth, 417 Mass. 718, 723 (1994).
Additionally, Tramontozzi does not allege, nor does she argue, that presentment was made to the Town. Since Tramontozzi has failed to comply with the statutory requirement of presentment, tire defendants’ motion to dismiss Count III of the amended complaint is allowed.[4]
B. Workers’ Compensation Act
The defendants also move to dismiss Counts I and III of the amended complaint on the ground that both claims are barred by the exclusivity provision of the Workers’ Compensation Act, G.L.C. 152, §24. In opposition, the plaintiff asserts that her claims are not barred because tire wrongs of which she complains did not arise “properly” in the course and out of the “proper” exercise of employment. Since Count III has been dismissed, see discussion supra, the following discussion concerns only Count I of the plaintiffs amended complaint.
*192 The Workers’ Compensation Act (the “Act”) entitles workers injured during the course of their employment to compensation and other benefits as provided in the Act. G.L.c. 152, §15.[5] The Act covers personal injuries[6] and applies unless an employee reserves her right to bring an action at common law when she is hired. G.L.c. 152, §24.[7] Unless an employee has reserved a right of action pursuant to G.L.c. 152, §24, common law actions against fellow employees are barred where: (1) the plaintiff is an employee; (2) her condition is a personal injury covered by the Act; and (3) the injury arose “out of and in the course of . . . employment.” See Foley v. Polaroid Corp., 381 Mass. 545, 548-49 (1980) (discussing requirements of exclusivity provision); see also Anzalone v. Massachusetts Bay Transp. Auth., 403 Mass. 119, 124 (1988) (discussing section 24 of the Act).
At the outset, this court notes that the plaintiff did not reserve her common law right of action under the Act. Accordingly, for the plaintiffs claim to be viable, it must fall outside the scope of the Act.[8]
It is well established that personal injuries caused by an intentional act committed by an employee or fellow employer are precluded by the Act where the injuries arise out of and in the course of employment. Compare Anzalone v. Massachusetts Bay Transp. Auth., 403 Mass. 119, 124-25 (1988) (intentional tort arising in course of employment barred by exclusivity provision of Act), and Foley v. Polaroid Corp., 381 Mass. 545, 551 n.4 (1980) (personal injuries caused by employer’s deliberate acts compensable under Act where it occurs in the course of employment), and Zygmontowicz v. American Steel and Wire Co., 240 Mass. 421, 424 (1922) (injury caused by assault arose out of employment and covered by Act), with O’Connell v. Chasdi, 400 Mass. 686, 690 (1987) (assault and battery arising from sexual harassment held not within the scope of employment and therefore not precluded by exclusivity provision of Act). “ ‘Arising out of refers to the causal origin, while ‘in the course of refers mainly to the time, place, and circumstances of the injury in relation to the employment.” Larocque’s Case, 31 Mass.App.Ct. 657, 658-59 (1991). (Internal citations omitted.) Intentional torts unrelated to an employer’s interest, however, are not immunized by the Act since “the policies behind the act would not be served.” O’Connell v. Chasdi, 400 Mass. 686, 690 (1987). Compare Mullen v. Ludlow Hosp. Society, 32 Mass.App.Ct. 968, 970 (intentional infliction of emotional distress claim which occurred during course of employment and in the exercise of perpetrator’s supervisory duties barred by Workers’ Compensation Act), rev. denied 413 Mass. 1103 (1992).
In the instant case, Tramontozzi’s amended complaint alleges that the assault and battery occurred while “the plaintiff was in the course of her employment.” Pl. Compl. Facts ¶2. Tramontozzi further alleges that at the time of the incident which caused her injuries “she was in the course of her duties as a public school teacher upon school and town property; and that defendant Bums was in the course of his duties as principal of the Middle School, also upon school and town property.” Pl. Compl. Count I, ¶1. Under these circumstances it is clear that Tramontozzi’s injuries arose out of and in the course of her employment. Anzalone v. Massachusetts Bay Transp. Auth., 403 Mass. 119, 124-25 (1988); Larocque’s Case, 31 Mass.App.Ct. 657, 660 (1991). Moreover, defendant Burns’s conduct “related wholly to his position as [Tramontozzi’s] supervisor and to the manner in which [Burns] exercised his supervisory duties.” Anzalone v. Massachusetts Bay Transp. Auth., 403 Mass. 119, 125 (1987). Accordingly, Count I is barred by the exclusivity provision of the Workers’ Compensation Act.[9]
ORDER
For the foregoing reasons, the defendants’ Motion to Dismiss Counts I and III of the amended complaint is ALLOWED.

 The defendants accept these allegations for the purpose of their motion to dismiss.

 The doctrine of sovereign immunity shields a state from being sued in its own courts without its consent. E.g. Woodbridge v. Worcester State Hosp., 384 Mass. 38, 42 (1981); Broadhurst v. Director of the Div. of Employment Security, 373 Mass. 720, 722 (1977); General Elec. Co. v. Commonwealth, 329 Mass. 661, 664 (1953).

 Tramontozzi does not argue that her claim is exempted from the presentment requirement.

 Although the defendants also based their motion to dismiss on Mass.R.Civ.P. 12(b)(1), lack of jurisdiction, this court notes that the presentment requirement is not jurisdictional. Krasnow v. Allen, 29 Mass.App.Ct. 562, 568 n.8 (1990), rev. denied, 409 Mass. 1102 (1991), citing Vasys v. Metropolitan District Comm’n, 387 Mass. 51, 57 (1982).

 Section 15 states, in pertinent part:
Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter... Nothing in this section, or in section eighteen or twenty-four shall be construed to bar an action at law for damages for personal injuries or wrongful death by an employee against any person other than the insured person employing such employee and liable for payment of the compensation provided by this chapter for the employee’s personal injury or wrongful death and said insured person’s employees . ..
G.L.c. 152, §15.

 Under the Act, personal injuries include:
[M]ental or emotional disabilities only where the predominant contributing cause of such disability is an event or series of events occurring within any employment... No mental or emotional disability arising principally out of a bona fide, personal action including a transfer, promotion, demotion, or termination except such action which is the intentional infliction of emotional harm shall be deemed to be a personal injury within the meaning of this chapter.
G.L.c. 152, §1(7A).

 General Laws c. 152, §24 provides in part:
*193 Any employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such a right. ..

 The plaintiffs false imprisonment claim does not fall within the Act’s purview. See Foley v. Polaroid Corp., 381 Mass. 545, 551 (1980) (false imprisonment claim not com-pensable under Workers' Compensation Act), citing McChristal v. Clisbee, 190 Mass. 120 (1906).

 Tramontozzi alleges physical and mental suffering and “loss of good standing” and “good name” as damages. Pl. Compl. Count I, ¶4. While physical and mental injury is compensable, G.L.c. 152, §§1 and 1(7A), injury to reputation is not. Foley v. Polaroid Corp., 381 Mass. 545, 551 (1980). If Tramontozzi wishes to seek redress for injury to her reputation, she should plead a separate cause of action.