JAMES CARIFIO & another[1] *vs.* TOWN OF WATERTOWN.

No. 88-P-849.

Middlesex. May 8, 1989. — July 17, 1989.

Present: GREANEY, C.J., KAPLAN, & SMITH, JJ.

*Massachusetts Tort Claims Act. Notice,* Claim under Massachusetts Tort Claims Act. *Practice, Civil,* Presentation of claim under Massachusetts Tort Claims Act. *Municipal Corporations,* Liability for tort.

A letter describing the occurrence in 1985 of an accident on municipal property, which was timely sent on behalf of the injured party to the town clerk by certified mail with a copy sent to the town manager by certified mail, and which was acknowledged by counsel for the town in writing with a copy to the town manager, taken together with consequent further communications regarding the claim both in writing and by telephone, was sufficient presentment of the claim to the proper executive officer, the town manager, under § 4 of G. L. c. 258, the applicable provision of the Massachusetts Tort Claims Act, as then in effect. [573-576]

CIVIL ACTION commenced in the Superior Court Department on February 18, 1988.

The case was heard by *Katherine Liacos Izzo,* J., on a motion to dismiss.

*Burton A. Nadler* for the plaintiffs.

*Roger H. Randall,* Town Counsel, for the defendant.

KAPLAN, J. The complaint in this action alleged that by reason of the negligence of the defendant town in maintaining a public playground, more particularly in creating a dangerous condition by leaving exposed concrete piling in the vicinity of parallel bars, the plaintiffs' minor child on November 4, 1985, suffered a broken arm and other injuries, for which they claimed

---

[1] Susan Carifio, parents, suing individually and as next friends of their daughter, Elizabeth.

damages. The town applied, in effect, for summary judgment[2] on the ground that the plaintiffs had not made a proper "presentment" of their claim under § 4 of G. L. c. 258 (Massachusetts Tort Claims Act) before commencing suit on February 18, 1988. On this basis, a judge of the Superior Court granted judgment dismissing the complaint. We reverse the judgment, thus permitting the case to go forward on the merits.

1. These are the facts regarding presentment. On November 19, 1985, the attorney for the plaintiffs sent a letter, by certified mail, addressed to the town clerk. The letter indicated (by a "CC" at its close) that a copy was being sent to the town manager, and a copy was in fact sent, also by certified mail, to that official. The letter stated that it was a "formal notification" to "you and to the Town Manager" that the child Elizabeth Carifio had "sustained severe injuries in the form of a multiple fracture to her arm when she fell at the West-Park in Watertown" and that the injuries were "directly attributable to the defective design and maintenance of said playground around the area of the parallel bars." The attorney asked that town counsel or the town's insurance carrier get in touch with him to discuss the matter.

On November 22, 1985, the assistant town attorney replied by letter to the plaintiffs' attorney and sent a copy of this letter to the town manager. Acknowledging receipt of the November 19 letter, the assistant town attorney said the town could not process the matter "or even investigate the alleged defect in the absence of a more specific notification detailing the date and time of the accident, the location and nature of the alleged defect, and the manner in which the accident happened." The attorney was requested to "submit the appropriate notice to the Town Clerk in accordance with G. L. Chapter 258, Section 4."

In response, on April 4, 1986, the plaintiffs' attorney sent what he called "a formal claim letter being sent in accordance with the provisions of [G. L. c. 258, § 4]," to the town clerk,

---

[2] The defendant's motion addressed to the pleadings was deemed converted into a motion for summary judgment when the plaintiffs submitted affidavits with exhibits in opposition and these were considered by the court. See Mass.R.Civ.P. 12(b), 365 Mass. 755 (1974).

specifying that the accident occurred on November 4, 1985, and that damages were sought for personal injuries caused by Elizabeth's fall from the parallel bars at West-Park onto exposed concrete piling.

The assistant town attorney wrote to the plaintiffs' attorney on April 23, 1986, stating that the town's investigation did not reveal any exposed concrete piling in the area referred to and that town records did not show that the area had been recently repaired. He expressed interest in viewing pictures or any other documentation of the defect.

On June 25, 1986, the plaintiffs' attorney informed the assistant town counsel that he had numerous photographs showing the piling, and he offered to meet with counsel and display them. There were at least two conversations between the two men and two successive times were set for a meeting to view the pictures, but the assistant town attorney cancelled the appointments and had not seen the pictures, at least through March 4, 1988.

2. The question is whether this case must join the graveyard of cases in which actions against municipalities or the Commonwealth have been held aborted because the party mistook who was the "executive officer" mentioned in the statute (reproduced in the margin[3]) to whom the notice was to be sent, and

---

[3] Section 4 of G. L. c. 258, first par., provides: "A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail, or as otherwise provided by this section. The failure of the executive officer to deny such claim in writing within six months after the date upon which it is presented, or the failure to reach final arbitration, settlement or compromise of such claim according to the provisions of section five, shall be deemed a final denial of such claim. No civil action shall be brought more than three years after the date upon which such cause of action accrued. Disposition of any claim by the executive officer of a public employer shall not be competent evidence of liability or amount of damages."

Section 1 defines "executive officer" thus: " 'Executive officer of a public employer', the secretary of an executive officer of the commonwealth, or in the case of an agency not within the executive office, the attorney general;

sent it to the wrong official. These results, although compelled by the text, see *Weaver* v. *Commonwealth*, 387 Mass. 43, 49 (1982), can flow simply from lawyers' mistakes unrelated to the merits. The present case is outside the fatal category because, on any reasonable view of the facts, there was sufficient communication of the claim to the proper executive officer and the statute should be held satisfied.

The assistant town counsel in the present case thought the town clerk was the proper addressee under the statute, and the plaintiffs' attorney seems to have followed suit in his second communication. It is now agreed that after 1981 the proper executive officer in Watertown was not the town clerk but the town manager. The defendant town argues that the action must fail because the initial letter of November 19, 1985, although sent (by means of a copy) to the town manager, was incomplete, lacking especially the date of the accident, and that the subsequent letter of April 4, 1986, although providing the facts, did not mend matters because it was sent to the town clerk. But this seems to us a superficial and erroneous analysis in the light of the facts.

(a) It is a quite tenable proposition that the initial letter of November 19, 1985, which was intended for and sent to the town manager, was a sufficient presentment of the claim under the statute. It gave the substance of the claim except for a probably inadvertent omission of the date of the accident. The statute does not state what must be included in the presentment; this is in contrast to adjacent legislation which does prescribe the content of a presentment.[4] It is true that, without the date, counsel would be delayed in his investigation. However, the

the adjutant general of the military forces of the commonwealth; the county commissioners of a county; the mayor of a city, or as designated by the charter of the city; the selectmen of a town or as designated by the charter of the town; and the board, directors, or committee of a district in the case of the public employers of a district, and, in the case of any other public employer, the nominal chief executive officer or board."

[4] The reference is to the presentment provision of G. L. c. 84, § 18 (actions for injuries due to defects in public ways). This statute was adverted to and retained in the enactment of G. L. c. 258. See St. 1978, c. 512, § 18; *Weaver* v. *Commonwealth*, 387 Mass. at 49.

letter was on stationery of members of the Bar with a telephone number and an address, and counsel could commence his investigation and readily ascertain the date by making a telephone call or writing, as was indeed invited by the November 19 letter. In fact, counsel sent such a letter and secured an answer. It would not strain the statute or open the way to fragmentary uninforming notices to hold that the present initial presentment was adequate.

(b) Such deficiency as might be found in the content of the November 19 letter was supplied by the letter of April 4. There is no doubt that the second letter may be tacked to the first and the two considered together, see *Winship* v. *Boston*, 201 Mass. 273, 274-275 (1909); *Crow* v. *United States*, 631 F.2d 28, 30 (5th Cir. 1980) (concerning the Federal Tort Claims Act), or that, when taken together, the letters comprise a complete presentment. It is objected that the second letter from the plaintiffs' attorney was not directed to the town manager. Nevertheless, the town manager was on sufficient notice. Not only had the town manager received a copy of the November 19 letter; in addition, the assistant town counsel had sent a copy of his intervening letter of November 22, 1985, to the town manager. This indicated that an inquiry was under way. As the town manager could also observe, the letter indicated that the plaintiffs' attorney should send his reply to the office of the town clerk, where it would reach the assistant town counsel, and that is where the reply was sent. Suppose counsel had written, "As you know, I represent the town manager, who has received notice of your making a claim and of the fact that I am investigating it. For convenience you may send your reply to the office of the town clerk, where it will reach me." The reply would count, we submit, as a communication for practical purposes to the town manager through his representative. The same should be held here, although the assistant town counsel in his letter of November 22 referred erroneously to the town clerk as a proper addressee under the statute.[5] A

[5] We are not intimating that the town is estopped from attacking the presentment. There is no estoppel here.

contrasting case is *Holahan* v. *Medford*, 394 Mass. 186, 189-190 (1985), where the city manager, the "Executive officer," was not notified that the plaintiff was making a claim.

(c) As of April 4, 1986, if not before, we have a complete presentment, which was well ahead of the two years allowed by statute. There was a failure to deny the claim within the next six months. And the suit was brought within three years of the date of the accrual of the claim.

The statute is not intended to afford an arbitrary or trick means of saving the governmental entities from their just liabilities. See *Vasys* v. *Metropolitan District Commn.*, 387 Mass. 51, 57 (1982); *Lopez* v. *United States*, 758 F.2d 806, 809 (1st Cir. 1985). "[T]he purpose of the presentment requirement is to allow the public employer to investigate any claim in full and to 'arbitrate, compromise or settle' any such claim as it sees fit. G. L. c. 258, § 5 . . . . The statute requires presentment to be made to the official with the capacity to negotiate or settle the claim — the executive officer, in this case the city manager." *Holahan* v. *Medford*, 394 Mass. at 189 (citations omitted).[6] Unless presentment is to become a fetish, there was adequate presentment here to fulfil the purposes of the requirement.

By reason of recent legislation amending c. 258, § 4, the particular problem of the present case will not recur, but we do not suggest that the enactment should be given retroactive application.[7]

*Judgment reversed.*

---

[6] For the future, the last quoted sentence may have to be modified in light of the new legislation mentioned at note 7.

[7] Statute 1988, c. 217, approved July 27, 1988, amends c. 258, § 4, by inserting after the first paragraph: "Notwithstanding the provisions of the preceding paragraph, in the case of a city or town, presentment of a claim pursuant to this section shall be deemed sufficient if presented to any of the following: mayor, city manager, town manager, corporation counsel, city solicitor, town counsel, city clerk, town clerk, chairman of the board of selectmen or executive secretary of the board of selectmen." We do not urge that the amendment applies retroactively to this case: the amendment does not so state, and presentment is more than a procedural trifle.