PONCHITA PEREZ & another[1] *vs.* AMHERST-PELHAM
REGIONAL SCHOOL COMMITTEE.

Hampshire. January 10, 1991. - June 12, 1991.

Present: LIACOS, C.J., WILKINS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Massachusetts Tort Claims Act. Practice, Civil,* Presentment of claim
under Massachusetts Tort Claims Act. *School and School Committee,*
Regional school district, Liability for tort.

Plaintiffs in an action for damages allegedly resulting from the negligence
of employees of a regional district school committee properly complied
with the presentment requirement of § 4 of G. L. c. 258, the Massachu-
setts Tort Claims Act, by mailing notice of their claim to the chairper-
son of the school committee, and individual presentment to each school
committee member was not required. [398-399]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 28, 1987.

The case was heard by *Elizabeth A. Porada,* J., on a mo-
tion to dismiss.

The Supreme Judicial Court granted a request for direct
appellate review.

*Patricia A. Bobba* for the plaintiffs.

*John M. Payne, Jr.,* for the defendant.

O'CONNOR, J. This is a tort action against a public em-
ployer to recover damages for personal injuries and conse-
quential damages alleged to have resulted from the negli-
gence of the defendant's employees on or about June 13,
1985. The defendant moved to dismiss the action on the
ground that the plaintiffs had failed to comply with the
presuit presentment requirement of G. L. c. 258, § 4 (1988
ed.), and the motion was allowed. The plaintiffs appealed,

---

[1]Joseph Perez, her father.

and we allowed their application for direct appellate review. We now reverse the judgment below, and remand this case to the Superior Court for further proceedings.

General Laws c. 258, § 4, provides in part that "[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . . ." On December 23, 1986, less than two years after the alleged personal injuries were sustained, the plaintiffs sent presuit presentment notice by mailing a claim letter to the chairperson of the defendant school committee. Soon thereafter, the assistant superintendent of the school district replied that the matter had been referred to the school's insurer.

The defendant successfully argued below that the action should be dismissed because the plaintiffs were required by G. L. c. 258, § 4, to send a separate presentment notice to each member of the defendant school committee, but had failed to send such a notice to any committee member other than the chairperson. The defendant makes the same argument here in support of its contention that the action was properly dismissed.

The plaintiffs do not challenge the procedural propriety of a motion to dismiss as a means of raising the issue whether their failure to send individual presentment notices to the school committee members is fatal to their case. Rather, the plaintiffs argue that presuit presentment notice to the chairperson alone is sufficient. We agree with the plaintiffs, and decide the case on that basis.

General Laws c. 71, § 16A (1988 ed.), provides that "[t]he powers, duties and liabilities of a regional school district shall be vested in and exercised by a regional district school committee . . . . The committee shall choose a chairman . . . from its membership." Clearly, a district may be a public employer within the meaning of G. L. c. 258 and, as c. 258, § 1, states, the words, "the executive officer of a public employer," as used in c. 258 include a regional school

committee. Thus, to satisfy the notice requirement of c. 258, § 4, one who would bring an action against a regional school committee must first give presentment notice to that committee. The question that we must answer is whether notice to the chairperson alone constitutes notice to the committee. The statute neither expressly states that notice to the chairperson is sufficient nor that a separate notice to each committee member is required.

In construing the statutory notice requirement, we are aided by considering its purpose. "[T]he purpose of the presentment requirement is to allow the public employer to investigate any claim in full and to 'arbitrate, compromise or settle' any such claim as it sees fit. . . . The statute requires presentment to be made to the official with the capacity to negotiate or settle the claim . . . ." (Citation omitted.) *Holahan* v. *Medford*, 394 Mass. 186, 189 (1985). Under c. 258, § 5, the committee, as a body, is the official with the power to "arbitrate, compromise or settle any claim for damages." The individual committee members do not have that power. The implication is that presentment notice is most appropriately given to the membership collectively rather than individually. We think that notice through the chairperson best satisfies the legislative intent in that regard. Furthermore, our holding that the plaintiffs' giving of a presentment notice to the chairperson alone was sufficient strikes an appropriate balance, in our view, between "allow[ing] plaintiffs with valid causes of action to recover in negligence against governmental entities in Massachusetts" and "preserv[ing] the stability and effectiveness of government by providing a mechanism which will result in payment of only those claims against governmental entities which are valid." *Vasys* v. *Metropolitan Dist. Comm'n*, 387 Mass. 51, 57 (1982).

In *Doe* v. *Blandford*, 402 Mass. 831 (1988), on which the defendant places considerable reliance, we remanded a case in which a district school committee, among others, was a defendant, for a hearing to determine whether proper presentment had been made to the district school committee. "The record," we said, "shows that various members of the

district [towns] were served with a presentment, but does not reveal whether the presentment was made to the appropriate members of the district school committee." *Id.* at 839. The defendants say that our reference to the "appropriate members of the district school committee" suggests that we determined that all the members must be served individually. Of course, had we considered the issue presented by this case, we might have remanded the *Doe* case for a determination whether presentment had been made to the committee through the chairperson, but we were not confronted with that question and therefore our attention was not focused on it. Thus, a desire for consistency does not constrain us to conclude in this case that individual presentment to each committee member is statutorily required.

The judgment is reversed. The case is remanded to the Superior Court for further proceedings.

*So ordered.*