Lopez, J.
The plaintiff, Elsie Mueller, brings this case under the Massachusetts Tort Claims Act, G.L.c. 258, alleging injuries sustained on March 28, 1990 by her minor son, Karl Mueller, during physical education class activities at defendant High School. Defendant has now moved for summary judgment pursuant to Mass.R.Civ.P. 56 with respect to the entire complaint, asserting plaintiffs failure to comply with the presentment requirements set forth in G.L.c. 258, §4. In opposition, the plaintiff argues that proper presentment was made and that abundant issues of material fact exist so as to render summary judgment improper. For the reasons stated below, the defendant’s motion for summary judgment is denied.
FINDINGS OF FACT
The material undisputed facts which follow were derived from the pleadings and the affidavits of the parties.
On or about March 28, 1990, Karl Mueller was injured while participating in a mandatory high school physical education program entitled “Project Adventure.” This program was administered through the Keefe Regional Vocational Technical High School (part of the South Middlesex Regional Vocational Technical School District).
On January 29, 1992, the plaintiff made presentment upon Paul Bento, Superintendent of Schools of the South Middlesex Regional Vocational Technical School District by Certified Mail delivered on February 3, 1992. Shortly thereafter, Paul Casey, a representative of the Pacific Employer’s Insurance Company which insures defendant (hereinafter referred to as “Pacific”), contacted plaintiffs attorney to discuss matters of liability and to inquire as to Karl Mueller’s medical status. During this conversation Mr. Casey requested that all medical documentation be sent directly to the Pacific Insurance Company. This conversation was confirmed by letter.
Complying with Pacific’s request, plaintiff forwarded to Pacific documentation encompassing Karl Mueller’s complete medical records and doctors’ bills. During this time Pacific represented that an investigation was under way and damages were being evaluated. At no time did Pacific make reference to the issue of defective presentment.
Approximately three months following the initial telephone conversation, Pacific notified plaintiff that Pacific was denying the claim on the basis of plaintiff s failure to comply with presentment requirements set forth in G.L.c. 258, §4 by making presentment to the appropriate party according to §1.[1]
LEGAL ANALYSIS
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.RCiv.P 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
Defendants place great weight on the argument that presentment was not made in compliance with c. 258 (The Massachusetts Torts Claim Act). §4 of the Act requires that presentment be made in writing to the “executive officer” of the public employer being sued. G.L.c. §4. Section 1 defines “executive officer of a public employer” as including “the board, directors, or committee of a district.” G.L.c. 258, §1. Thus, defendants contend, presentment was insufficient because Superintendent Paul Bento lacks “executive officer” status under c. 258.
This court finds that presentment was sufficient under c. 258 and under G.L.c. 71, which pertains to the establishment of regional school districts. Under §16 of c. 71, a school committee may employ a superintendent of schools, who:
[sjhall have all the powers and duties imposed upon school superintendents by law. G.L.c. 71, §16.
Section 59 also provides that:
The superintendent shall be the executive officer of the committee and under its general direction shall have the care and supervision of the public schools (emphasis added). G.L.c. 71 §59.
A reading of c. 258 together with c. 71 clearly demonstrates that proper presentment was made. Superintendent Bento, as “executive officer of the committee” received notice of the claim. Presentment was therefore made to the “board, directors, or committee of the district.” Moreover, Superintendent Bento, acting in his official capacity as the “executive officer of the committee” under c. 71, initiated an investigation by immediately forwarding the letter to the defendant’s insurance company.
Defendant cites several cases in support of dismissal based on inadequate presentment, most notably Doe v. Town of Blanford, 402 Mass. 831 (1988), and Perez v. Amherst-Pelham Regional School District, 410 Mass. 396 (1991). Neither decision controls the *173 unique set of facts before this court. The Doe v. Blanford court did not consider the sufficiency of presentment in the light of the language of c. 71 §59; moreover, the central issues in Blanford concerned whether school committee members were served individually or in their public capacity, and for this reason the case was remanded for further factual determination. Similarly, the Perez case does not focus on whether presentment to a superintendent is sufficient under c. 258; rather, it articulates that service upon a committee chairperson is sufficient and that a plaintiff need not serve each committee member in order to pass procedural muster under c. 258.
We call defendant’s attention to the more recent decision in Carifio v. Town of Watertown, 27 Mass.App.Ct. 571 (1989), which argues for a more liberal approach to the presentment requirement.[2] In Carifio the court upheld a presentment which failed to specify the date of the accident giving rise to the claim; rather, “(t]he court . . . read two presentment letters together to find adequate presentment, and upheld presentment though neither of these letters was addressed to the proper executive officer.”[3] The Carifio court rejected the defendant’s technical objections to presentment, noting that presentment should not “become a fetish” and that the presentment requirement “was not intended to afford an arbitrary or trick means of saving governmental entities from their just liabilities.” Carifio v. Town of Watertown, 27 Mass.App.Ct. 571, 576 (1989). By contrast to the facts in Carifio, the plaintiffs letter to Superintendent Bento contained all the essential information regarding the claim, including the plaintiffs identity and address, the details of the incident giving rise to the cause of action, the nature of the plaintiffs injuries, and the name and address of the plaintiffs attorney. Most importantly, where, as here, an inquiry was clearly underway and the claim could be properly arbitrated by the defendant’s insurer, Carifio counsels that this matter should not be dismissed on a mere technicality.
The very purpose of the presentment requirement is “to provide notice of the claim and to allow the public employer to investigate and consider settlement.”[4] This is precisely what took place here; plaintiffs gave notice to the Superintendent of Schools, who, in his capacity as the executive officer of the committee, informed the insurance company which began an investigation. The purpose of the presentment requirement is satisfied.
ORDER
It is therefore ORDERED that defendant’s motion for summary judgment pursuant to Mass.R.Civ.P. 56(c) be DENIED.

 G.L.c. 258, §4 provides in part that:
A civil action shall not be instituted against a public employer on a claim for damages ... unless that claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose (emphasis added).

 “On the one hand, the court requires a plaintiff to state all possible theories of negligence; on the.other, the court... approves a technically defective presentment on the ground that the defendant has the plaintiffs attorney’s address and can therefore obtain further information. At the least Carifio provides ammunition for plaintiffs in favor of a liberal approach to the presentment requirement.” Joseph W. Glannon, The Massachusetts Tort Claims Act: Analysis and Update, 52 Mass.L.Rev. 53 (1990).

 Id. at 54.

 Id. at 53.