Bohn, J.
INTRODUCTION
On November 18, 1994, this matter was before the Court for hearing on the motion of the defendants,[3] City of Somerville (“City”) and Officer John Monte (“Officer Monte”), to dismiss for failure to state a claim upon which relief can be granted pursuant to Mass.R.Civ.P. 12(b)(6). In support of their motion, the defendants contend: (1) Officer Monte is not liable pursuant to G.L.c. 258, §2; (2) the claims of Mr. Hardy’s minor children should be dismissed since the personal representative asserts all claims of the designated category of beneficiaries; (3) the claims for both conscious pain and suffering and loss of consortium should be dismissed for lack of proper presentment; and (4) the defendants are immune from liability pursuant to G.L.c. 258, §§10(a), (b), (h), (i) and/or (j). For the reasons set forth below, defendants’ motion to dismiss will be ALLOWED.
BACKGROUND
On May 21, 1991, the Somerville Police Department received an emergency call from a city employee, who informed them that Mr. Hardy, a Somerville High School maintenance employee, was drunk; that there was a default warrant for his arrest for violation of a restraining order; and that Mr. Hardy was contemplating suicide. John Monte, a Somerville police officer, was instructed to respond to the scene where Mr. Hardy was said to be intoxicated and suicidal. Officer Monte did respond and, at the scene, placed Mr. Hardy in protective custody. Officer Monte then drove Hardy to the Albany Street House in Cambridge, Massachusetts, a facility which offers services to substance abusers.
Shortly after arriving at the voluntary admission facility, Mr. Hardy left. The following day, May 22, 1991, he was found dead on the banks of the Charles River from self-inflicted alcohol intoxication.
The plaintiffs commenced this action against the defendants arguing that Officer Monte was negligent in releasing Mr. Hardy toa facility from which he could freely leave, with the knowledge that he was in a distraught and suicidal condition. It is argued that the negligence of Officer Monte was the direct and proximate result of Mr. Hardy’s death.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the Court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom, in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice . . .” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
The Minor Children’s Claims
The claims of Mr. Hardy’s minor children, for loss of consortium, are set out in Counts II, III, IV and V. The plaintiffs do not oppose defendants’ motion to *159 dismiss the separate claims of the children, since these claims should be joined with the claim of the Administratrix. “The wrongful death statute, G.L.c. 229, §2, provides for a single action brought by the decedent’s executor or administrator. The executor or administrator presents all claims by the designated beneficiaries for damages flowing from the wrongful death.”[4] Hallett v. Wrentham, 398 Mass. 550, 555 (1986). “The [children] may not maintain a separate action for loss of consortium. In addition, the $100,000 limitation on recovery from a governmental entity, G.L.c. 258, §2, applies to the total recovery by the executor or administrator in the wrongful death action, and not separately to each beneficiary’s damages.” Id. at 556.
The Presentment Issue
The plaintiffs’ presentment letter, required by G.L.c. 258, §4, notifies Michael E. Capuano, the Mayor of Somerville, that the family and heirs-at-law of Mr. Hardy, including his widow, Linda Hardy, and his children, James F. Hardy III, Christopher M. Hardy, Alan J. Hardy, and Erin L. Hardy are bringing a claim pursuant to G.L.c. 258 §4, as a result of Mr. Hardy’s wrongful death. The letter states that the “[H]ardy family claims the Ciiy of Somerville, through its police department, including the dispatcher and Officer Monte, were negligent, and legally responsible for James Hardy’s death, by failing to take action to protect Mr. Hardy; failing to take him into custody, although an outstanding warrant for his arrest was pending; and/or for failing to arrange for immediate hospitalization of Mr. Hardy, due to his depressive and suicidal state. These failures constitute actionable negligence, within the meaning of [G.L.c. 258, §4].” “The question raised by the [letter] is whether [it] can be fairly read as disclosing claims against the defendants for [loss of consortium and conscious pain and suffering].” Tambolleo v. Town of West Boylston, 34 Mass.App.Ct. 526, 532 (1993).
Although “[presentment must be made ‘in strict compliance with the statute,’ ” Wightman v. Methuen, 26 Mass.App.Ct. 279, 281 (1988), quoting Weaver v. Commonwealth, 387 Mass. 43, 47 (1982), “the statute does not specify what information must be included in a presentment for it to be deemed sufficient ...” Tambolleo, 34 Mass.App.Ct. at 533. G.L.c. 258, §4, states, in part,
[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . .
G.L.c. 258, §4. “The statute is not intended to afford an arbitrary or trick means of saving the governmental entities from their just liabilities.” Carifio v. Water-town, 27 Mass.App.Ct. 571, 576 (1989). The purpose of presentment is to “ensure[ ] that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or non-meritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future.” Wightman, 26 Mass.App.Ct. at 281, quoting Lodge v. District Attorney for the Suffolk Dist, 21 Mass.App.Ct. 277, 283 (1985). “Unless presentment is to become a fetish, there was adequate presentment here to fulfil the purposes of the requirement.” Carifio, 27 Mass.App.Ct. at 576.
The stated purposes of the presentment requirement are served by the letter in the present case. In the presentment letter, the plaintiffs state they are bringing a claim for wrongful death under the Massachusetts Tort Claims Act. Loss of consortium and conscious pain and suffering are recoverable damages under the wrongful death statute. G.L.c. 229, §§2, 6. These claims, for damages, stem from the same injury which is allegedly caused by the negligence of the named defendants. “While a presentment letter should be precise in identifying the legal basis of a plaintiffs claim, . . . [the presentment letter] here was not so obscure that educated public officials should find themselves baffled or misled with respect to [the plaintiffs’] assertion of a claim for [loss of consortium or conscious pain and suffering], a claim which constitutes a proper subject for suit within [G.L.c. 229] . . .” Gilmore v. Commonwealth, 417 Mass. 718, 723 (1994). Accordingly, the Court holds that the presentment letter can fairly be read as stating claims for loss of consortium and conscious pain and suffering.
The Exclusions To The Massachusetts Tort Claims Act
On January 14, 1994, St. 1993, c. 495 was approved, amending G.L.c. 258, §10. The amendments added several additional exclusions to those previously provided in Section 10. The defendants rely in part[5] on one of the new exclusions, G.L.c. 258, §10(j), which bars claims based on “an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer.” G.L.c. 258, §10(j). The plaintiffs oppose this argument, claiming that one of the exceptions to this exclusion applies to the alleged facts. The pertinent exception states, “[t]his exclusion shall not apply to any claim based upon the intervention of a public employee which causes injury to the victim or places the victim in a worse position than he was in before the intervention.” G.L.c. 258, §10(j)(2).
The first issue posed by G.L.c. 258, §10(j) is whether the condition or situation which injured Mr. Hardy was “not originally caused by the public employer or any person acting on behalf of a public employer.” G.L.c. 258, §10(j). Since this amendment is so new, there has been *160 little caselaw to guide us in interpreting the meaning of this language. In the recent case of Carelton v. Framingham, 418 Mass. 623 (1994), the Supreme Judicial Court noted that since § 10(h) excluded the town from liability, they “(n]eed not resolve... [the applicability and meaning of §10(j)[, particularly the significance of the word ‘originally . . .” Id. at 629 n. 7. In his concurring opinion found in Cyran v. Ware, 413 Mass. 452 (1992), however, Justice O’Connor appears to have addressed the issue directly. In that opinion Justice O’Connor argued that public employers should not be liable for situations “in which the plaintiff has been harmed by a condition or situation which was not originally caused by the public employee, and is attributable to the employee only in the sense that the employee failed to prevent or mitigate it.” Cyran, 413 Mass, at 467. And see Joseph W. Glannon, Liability for “Public Duties" Under the Tort Claims Act: The Legislature Reconsiders the Public Duty Rule, 79 Mass.L.Rev. 17, 26 (1994) (“Justice O’Connor’s statement that there must be something more than the pure failure to alleviate a private harm... [is] helpful in determining the scope of subsection (j). [This] section requires some involvement of a public employee in creating the initial injury-causing scenario, not simply a failure to respond adequately after it arises”).
In the case at bar, after drawing all inferences in the plaintiffs’ favor, it appears beyond doubt that the plaintiffs cannot prove that Officer Monte “originally caused” the situation. The “situation” or “condition” which caused the death of Mr. Hardy was his own self-inflicted intoxication. The claim that Officer Monte failed to prevent or diminish the harmful consequences of Mr. Hardy’s intoxication, by placing him in a voluntary detoxification facility, is specifically excluded from liability.
The second issue posed by G.L.c. 258, §10(j) is whether one of the exceptions to the 10(j) exclusion abrogates the general immunity for Officer Monte’s alleged failure to prevent or diminish the original harm caused by Mr. Hardy. As previously stated, plaintiffs argue that the second exception to Section 10(j) protects their claim because it is “[b]ased upon the intervention of a public employee which causes injury to the victim or places the victim in a worse position than he was in before the intervention . . .” G.L.c. 258, §10(j)(2). The plaintiffs claim that the intervention of Officer Monte, in bringing Mr. Hardy to a voluntary detoxification facility, placed him in a “worse” position than when Officer Monte initially found him; however, it is the opinion of this Court that the plaintiffs can prove no set of facts to support that claim. Accordingly, the exemption to the Section 10(j) exclusion is not applicable to the alleged facts.
Officer Monte’s Liability
Where applicable, G.L.c. 258, §2, provides that,
[p]ublic employers shall be liable for . . . death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, . . . and no such public employee . . . shall be liable for any injury or . . . personal injury or death caused by his negligence or wrongful act or omission while acting within the scope of his office or employment. . .
Given the proscriptions of G.L.c. 258, §2, the defendants argue that the claims against Officer Monte should be dismissed, since the plaintiff alleges in his complaint that Officer Monte was acting within the scope of his employment at the time of the alleged negligence.
In deciding whether to dismiss the claim against Officer Monte, the Court draws all inferences in the plaintiffs’ favor and accepts as true the alleged fact that Officer Monte was acting within the scope of his employment. Accordingly, the claim against Officer Monte is dismissed. Furthermore, since the Court finds Officer Monte, while in the scope of his employment, had no duty to prevent or diminish the original harm caused by Mr. Hardy, it is apparent he has no greater duty to act in his individual capacity.
ORDER
It is, therefore, ORDERED that the City of Somerville’s and John Monte’s motion to dismiss is hereby GRANTED.

In the defendants memorandum in support of the motion they stated “The third defendant, John Doe, is an unknown person and has not been served. Because his identity is not known, and because he is not before the Court at this time, this motion is not presented on his behalf. However, to the extent that this person stands in the same status as the City of Somerville and/or Officer Monte, a claim has likewise, not been stated against him.”

G.L.c. 229, §2, states in part: “A person who ... by his negligence causes the death of a person . . . shall be liable in damages in the amount of: (1) the fair monetary value of the decedent to the persons entitled to receive the damages recovered, as provided in section one, including but not limited to compensation for the. loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to the persons entitled to the damages recovered; (2) the reasonable funeral and burial expenses of the decedent. . . Damages under this section shall be recovered in an action of tort by the executor or administrator of the deceased ...”

The defendants also rely on G.L.c. 258, §10(a), (b), (h) and (i). The sufficiency of these exclusions need not be resolved because §10(j) provides immunity to the City of Somerville. However, in drawing all inferences in the plaintiffs’ favor, the Court would not dismiss the complaint because of § 10(a), (b), (h) or (i), because it does not appear beyond doubt that the plaintiffs can prove no set of facts in favor of their claim which would entitle them to relief.