Toomey, J.
INTRODUCTION
Plaintiffs Edward Caveney and Kim Caveney (“The Caveneys”) have brought this action against the Defendant City of Fitchburg (“Fitchburg”) alleging injury by reason of Fitchburg’s negligence and nuisance. Fitchburg has moved, pursuant to Mass.R.Civ.P. 56, for summary judgment. For the reasons discussed below, Fitchburg’s motion will be allowed with respect to the Caveneys’ claim that Fitchburg was negligent in failing to implement a better system of monitoring sewer pipes than the system in place at the time of the sewer back up and flood that damaged the Caveneys’ property. Fitchburg’s motion will, however, be denied with respect to the remainder of the claims that the Caveneys have asserted against Fitchburg.
BACKGROUND[1]
The Caveneys owned a residence located at 76 Drepanos Drive in Fitchburg. Between December 5 and 8, 1995, their property was, they allege, damaged by several overflows of sewage and wastewater from a blocked pipe owned and controlled by the City of Fitchburg. The Caveneys contend that the damage caused them to suffer emotional distress and physical pain and suffering. Employees of the Fitchburg Department of Public Works were dispatched to the Caveneys’ property on December 5, 1995. The Department of Public Works employees did not remedy the sewer pipe blockage. Several more floods ensued. On December 6, 1995, John O’Connor, Director of Public Works arrived at the Caveneys’ residence and ordered them to vacate the premises.
On September 26, 1997, the Caveneys sent a presentment letter to the Mayor of Fitchburg, and on April 21, 1998, they filed a complaint asserting the instant claims of negligence and nuisance. On July 29, 1999, Fitchburg filed the present motion for summary judgment. The motion sought judgment, upon the negligence count, on two grounds. First, Fitchburg argues that the Caveneys made an inadequate presentment under G.L.c. 258, §4. Second, Fitchburg maintains that, even had the Caveneys made an adequate presentment, the discretionary function exemption of G.L.c. 258, §10(b) bars the negligence claims that the Caveneys have asserted against Fitchburg. With respect to the Caveneys’ nuisance count, Fitchburg contends that, assuming the facts alleged by the Caveneys are true, Massachusetts law will not permit recovery for nuisance in the circumstances at bar.
The Caveneys respond that they have made a sufficient presentment to Fitchburg and that there is nothing in the discretionary function exemption of G.L.c. 258, § 10(b) that would bar their negligence claim against Fitchburg. The Caveneys also assert that the instant record established the existence of sufficient facts upon which they may succeed upon a claim of nuisance against Fitchburg.
*275 DISCUSSION
A Court will grant summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party demonstrates the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
In deciding a motion for summary judgment, the court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Summary judgment, where appropriate, may be entered against the moving party or may be entered as to certain issues, but not others which present a genuine issue of material fact. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The nonmoving party cannot defeat the motion for summary judgment merely by resting on his or her pleadings or on bare assertions of disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Application of those principles to the matter at bar results in the following analysis.
I. The Presentment Issue; Count I, Negligence
Fitchburg argues that the Caveneys have made an improper presentment under G.L.c. 258, §4 because their presentment letter only sets forth a claim of negligence against Fitchburg as a result of Fitchburg’s employees’ failure to recognize or address the sewage backup that caused the flooding to the Caveney’s home. Expanding on that presentment, the Caveneys filed a complaint claiming “negligent construction, repair, monitoring, inspection and evaluation of the sewerage line” and “negligent hiring, training and supervision” of those in charge of the Department of Public Works. Fitchburg contends that this Court should grant summary judgment in its favor with respect to any claims not included within the presentment letter. This Court is not persuaded by Fitchburg’s analysis; the Caveneys’ presentment letter did indeed contain an adequate description of the facts that underlie all claims and was sufficient to put Fitchburg on notice as to the claims the Caveneys’ complaint now presses against Fitchburg. The Caveneys, as will appear infra, made proper presentment upon Fitchburg.
General Laws c. 258, §4 provides, in pertinent part, that “[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . .” G.L.c. 258, §4 does not specifically delineate what information the plaintiff must include in the presentment letter in order for a Court to find sufficient presentment. Tambolleo v. Town of West Boylston, 34 Mass.App.Ct. 526, 533 (1993). The Supreme Judicial Court has observed that the underlying policy of presentment is to ensure “that the responsible public official receives notice of the claim so that the official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future.” Weaver v. Commonwealth, 387 Mass. 43, 47-48 (1982). If the challenged presentment is in step with that policy, its sufficiency should not be doubted.
The Massachusetts Appeals Court has considered the presentment sufficiency question in two different, and seemingly contradictory, cases. In Wightman v. Town of Methuen, 26 Mass.App.Ct. 279 (1988), the Court adopted a narrow and strict view of the presentment requirement of G.L.c. 258, §4. In the later case of Carifio v. Town of Watertown, 27 Mass.App.Ct. 571 (1989), however, the Court adopted a much more liberal view with respect to the necessary quantum of presentment. Both because it is a more recent holding and because its analysis seems more consistent with the sentiment of Weaver, this author will employ the Cartfio approach.
In Wightman, the plaintiff, an elementary school student, sustained a broken arm after another student picked him up, spun him around, and threw him to the ground. The plaintiff then sent a presentment letter to the defendant Town of Methuen, claiming that the defendant was negligent in failing to prevent the attack. In his Complaint, however, the plaintiff claimed against Methuen on two theories of negligence, to wit, negligent failure to prevent the attack and negligent provision of medical treatment of the plaintiffs injury. The plaintiff had not included the latter claim — negligent provision of medical treatment — in his presentment letter to Methuen. The Appeals Court held that the plaintiff could not recover on the claim for negligent provision of medical treatment because he did not include that claim in his presentment letter.
One year later, however, the Appeals Court chose Cartfio to express a preference for a much less restrictive approach to the G.L.c. 258, §4 presentment re *276 quirement. In Carifio, the plaintiffs sued the Town of Watertown because their daughter was injured after she fell from parallel bars in a municipal playground. On November 19, 1985, the plaintiffs sent a presentment letter to the Town Clerk. The letter indicated — by a “cc" at its close — that a copy was being sent to the Town Manager. The presentment letter omitted to include the date on which the plaintiffs’ daughter sustained injury. On November 22, 1985, the Town Clerk notified the plaintiffs of their omission. The plaintiffs then sent the Town Clerk a second letter, which they denominated “a formal claim letter being sent in accordance with the provisions of [G.L.c. 258, §4],” specifying that the accident occurred on November 4, 1985, and that damages were sought for personal injuries caused by the plaintiffs’ daughter’s fall from the parallel bars at the playground.
Watertown, having moved for summary judgment by reason of inadequate presentment, argued that the first letter sent by the plaintiffs to both the Town Manager and the Town Clerk did not include the date on which the alleged incident occurred and that, although the second letter did include the necessary information, that letter was sent only to the Town Clerk, who was not, according to G.L.c. 258, §4, the proper official upon whom presentment was to be made. Watertown urged that presentment may only be made upon the Town Manager, because he was the designated official under G.L.c. 258, §4. The Superior Court granted Watertown's motion.
In reviewing that grant, the Appeals Court noted that, if any deficiency infected the content of the first letter sent to the Town Clerk and the Town Manager, that deficiency was remedied by the second letter sent to the Town Clerk. The Appeals Court observed that, “There is no doubt that the second letter maybe tacked to the first and the two considered together ... or that when taken together, the [two] letters comprise a complete presentment.” Id. at 575. Furthermore, tire Appeals Court determined that, although the plaintiffs did not send the second letter to the Town Manager, the person to whom the statute suggested presentment should have been made, the presentment was proper because the Town Manager was on sufficient notice of the plaintiffs claims. The Appeals Court concluded, “Not only had the town manager received a copy of the November 19 letter; in addition, the assistant town counsel had sent a copy of his intervening letter of November 22, 1985, to the town manager. This indicated that an inquiry was under way. As the town manager could also observe, the letter indicated that the plaintiffs attorney should send his reply to the office of the town clerk, where it would reach the assistant town counsel, and that is where the reply was sent.” Id. at 575.
The Carifio decision demonstrates that the Appeals Court does not view the presentment requirement of G.L.c. 258, §4 as a rigid obstacle when justice would be better served by skirting the impediment. That Court favored the proposition that “[General Laws c. 258, §4] is not intended to afford an arbitrary or trick means of saving the governmental entities from their just liabilities . . . The purpose of the presentment requirement is to allow the public employer to investigate any claim in full and to ‘arbitrate, compromise or settle’ any such claim as it sees fit.” Id. at 576. Had the legislature fashioned G.L.c. 258, §4 in such a way as explicitly to require a detailed presentment, the result would, of course, be different. This Court will, therefore, follow the lead of Carifio, which seems better to implement the Weaver precept, and elevate fairness over unbending literalism. See Joseph W. Glannon, The Massachusetts Tort Claims Act: Analysis and Update, 75 MASS. L. REV. 52, 53-55 (1990).
The presentment made in the case at bar seems adequate when viewed in light of the policies upon which Carifio is founded. On September 26, 1997, counsel for the Caveneys mailed their presentment letter to the Mayor of Fitchburg. The letter advised him that,
[T]his office represents [the Caveneys] in their respective claims for personal injury, property damage and loss of consortium . . .
The City of Fitchburg, its agents, servants or employees were placed on notice in relation to the sewerage backup at the Caveneys. Said notice was given on December 5, 1995. Subsequent to notice being given, the City of Fitchburg took no action and/or failed to take appropriate or prompt action in the delivering of sendees to the Caveneys to prevent any future damage to their property. Said action or inaction was based on the City’s agents, servants, or employees’ negligence in that they did not recognize and/or address an apparent sewerage backup which caused severe flooding, at the Caveney’s home.
The Caveneys, also on September 26, 1997, and through their attorneys, mailed a demand letter to the Great American Insurance Company, Fitchburg’s insurer. Prior thereto, the Mayor of Fitchburg had directed the Caveneys to forward all further correspondence to Great American Insurance Company. The Caveneys complied, and the letter that they sent to the Great American Insurance Company recited, in pertinent part, that,
The Caveneys would assert that [Fitchburg] and its employees, agents and/or servants are liable either strictly, vicariously or by acquiescence in relation to the damage to their property . . .
The volume of raw sewerage that seeped onto [the Caveney’s] property was of an uncontrolled nature. The City of Fitchburg has a duty to protect their citizens from harmful conditions as a result of a discharge of sewerage. The Caveneys assert that it is flowing through the pipe in question which is adjacent to the Caveneys’ property is of an inade *277 quate size and diameter to handle the flow of sewerage in relation to this specific location. The City of Fitchburg, its agents, servants or employees knew or should have known that the pipe was inadequate in relation to handling this amount of sewerage . . . You have indicated to me via telephone that the City of Fitchburg checks the pipes every six months. If this was the case any and all defects should have been noted. Also, the City of Fitchburg knew or should have known through its agents, servants or employees that the pipe in question could not handle a heavy flow or a rapid flow under pressure as a result of blockage or overuse.
[SJhortly before the rupture there was a sewerage backup at the Highlands, a rest home not too far up the street from the Caveneys. We are currently in the process of examining those records to determine whether there is a causal link between the Caveneys’ property damage and the damage at the Highlands.
As a result of the City of Fitchburg’s negligence in either the maintenance of the pipe or the failure to act in a prompt and reasonable fashion, the Cav-eneys have been severely damaged in relations to this claim.
Read together, the presentment letter to the Mayor of Fitchburg and the demand letter to Great American Insurance Company constituted adequate presentment of the claims that the Caveneys later asserted against Fitchburg in their Complaint. The two letters outlined sufficient facts to support the claims advanced in the Caveneys’ complaint for the negligent maintenance, construction, repair, monitoring, inspection and evaluating of the sewer Une. The letters made reference to the Caveneys’ allegations that the sewer pipe was inadequate in size to permit the high flow of sewage. Furthermore, the presentment and demand specifically alleged that repairs were not properly effected on the property and that the City of Fitchburg failed to inspect and monitor the sewer line before the initial eruptions. And, the letter the Cav-eneys sent to Fitchburg’s insurer plainly asserted that a similar sewage back-up had occurred in the Caveneys’ neighborhood shortly before the sewage back-up at bar. Moreover, the two letters expUcitly declared that Caveneys planned to allege claims of negligence against Fitchburg and its employees.
With respect to that portion of the Caveneys’ Complaint that alleges negligent hiring, training, and supervision, both the presentment and the demand laid the necessary foundation by asserting that the “action or inaction was based on the City’s agents, servants or employees’ negligence in that they did not recognize and/or address an apparent sewerage backup which caused severe flooding at the Caveneys’ home.”
When viewed in tandem, therefore, the letters sent to the Mayor of Fitchburg and to Great American Insurance set forth, in a manner consistent with the policy objectives of G.L.c. 258, §4, as glossed by Wheaton and Carifio, sufficient factual allegations and theories of recovery. The Mayor of Fitchburg was appropriately placed on notice of the Caveneys’ claims and was thereby enabled to investigate and determine whether or not the negligence claims were valid and/or settlable.[2] This Court, therefore, will not grant Fitch-burg summary judgment on the negligence claims by reason of an inadequate presentment by the Cav-eneys.[3]
II. The Discretionary Function Issue; Count I, Negligence
Having determined that the Caveneys have made a statutorily compliant presentment, we next turn to Fitchburg’s contention that the discretionary function provision of G.L.c. 258, §10(b) bars the Caveneys’ negligence claim. For the reasons stated, infra, summary judgment will issue in favor of Fitchburg, but only upon one aspect of the Caveney’s negligence claim.
There is a two-prong test for deciding whether a plaintiffs negligence claim is foreclosed by the discretionary function exception. The Court must consider: (1) whether the governmental actor had any discretion as to a course of conduct to be followed, and (2) whether the discretion invested in the actor was of a kind for which § 10(b) provides immunity from liability, viz, discretionary conduct involving policymaking or planning. See Sena v. Commonwealth, 417 Mass. 250, 255-56 (1994); Harry Stoller & Co., Inc. v. Lowell, 412 Mass. 139, 141, 144 n.2 (1992) (declining to follow Cady v. Plymouth-Carver Regional School Dist., 17 Mass.App.Ct. 211 (1983)). The law is indeed quite specific as to the sort of discretion shielded by the statute from tort liability. The immunity provided by G.L.c. 258, § 10(b) is available “only for discretionary conduct that involves policy making or planning.” Harry Stoller & Co, Inc., supra at 141. Conduct that “rest[s] on the exercise of judgement and discretion and represent!s] planning and policymaking” is subject to §10(b) immunity. Id. at 142. “If the injury-producing conduct was an integral part of governmental policymaking or planning, if the imposition of liability might jeopardize the quality of governmental process, or if the case could not be decided without usurping the power and responsibility of either the legislative or executive branches of government, governmental immunity would probably attach.” Id.
Fitchburg argues that G.L.c. 258, § 10(b) bars the Caveneys’ negligence claim that Fitchburg had a duty to adopt a better sewer monitoring policy than the policy in existence at the time of the sewer back up at the Caveneys’ house. This Court concurs. The program now challenged by the Caveneys was adopted by Fitchburg to provide controlled, preventive maintenance grounded upon historical patterns of breaks and leaks. The program requires Public Works employ *278 ees to perform maintenance at known trouble areas within the system based on a determination of need and available funding. A decision on the part of Fitch-burg to implement a better sewer monitoring system would, indisputably, involve policy making or planning. Such a decision is plainly one that G.L.c. 258, § 10(b) protects, as a “discretionary function,” from negligence claims. Summary judgment, therefore, will enter in Fitchburg’s favor, but only with respect to the Caveneys’ claim that Fitchburg had a duty to create a better system of monitoring its sewer lines.
Summary judgment will not enter in Fitchburg’s favor with respect to the remaining claims that the Caveneys have asserted against Fitchburg because those claims do not involve the exercise of a discretionary function of Fitchburg and do present genuine issues of material fact upon which a reasonable jury could conclude that Fitchburg was negligent in its maintenance, repair, hiring of employees, and compliance with existing policies of maintaining sewer lines. The discretionary function exemption set forth in G.L.c. 258, § 10(b), does not apply to day-to-day care and maintenance or to the execution of previously established policies or plans. Sanker v. Orleans, 11 Mass.App.Ct. 410, 412-13 (1989). In the case at bar, there is evidence upon which a rational jury could conclude that Fitchburg was negligent in its compliance with established policy and the maintenance of the sewer line.
In the three day period following the initial flooding, the Caveneys’ property was re-flooded, on at least two separate occasions, with raw sewerage. Jeffrey Jerszyk, an employee for the Fitchburg Department of Public Works has averred, in his affidavit, that, following the second sewer blockage and flooding of the Caveneys’ house, he recommended that Fitchburg open up the street under which the sewer line passed in order to remedy the flooding. Mr. Jerszyk opined that, if the street had been opened up at that time, further flooding would not have ensued. Fitchburg, however, failed to open up the street as Mr. Jerszyk had suggested and, as a result, the Caveneys now argue, their home suffered at least a third flooding with raw sewage.
The Caveneys also allege that Fitchburg is compelled by its own policies to check its sewer pipes every six months. They argue that record evidence of the excess flow and resulting blockage of the sewer pipe in question creates a genuine issue of material fact as to whether Fitchburg complied with its existing policy of regular interval monitoring of its sewer pipes.
Finally, the Caveneys have offered evidence that at least one other instance of a sewage back-up and flood had occurred in their neighborhood. In their pleadings, the Caveneys have included a newspaper article from the December 8, 1995 edition of the Sentinel & Enterprise, a newspaper that serves the north central area of Massachusetts. The article describes a sewer back-up that flooded a home located at 315 Boutelle Street in Fitchburg on October 21, 1995, a little more than a month preceding the back-up and flood at the Caveneys’ residence. The Caveneys allege that Fitch-burg should have conducted an investigation of the sewer line that serviced their home because Boutelle Street is in close proximity to the Caveneys’ Drepanos Drive residence. The Caveneys allege that Fitchburg’s failure to undertake such an investigation constitutes negligence.
The evidence does indeed suggest that, at least on the points referenced supra, genuine issues of material fact remain, issues upon which a jury could make a finding in the Caveneys’ favor with respect to their remaining claims of negligent construction, repair, monitoring, inspection and evaluation of the sewerage line and for negligent hiring, training and supervision by those in charge of the Fitchburg Department of Public Works. Accordingly, summary judgment ought not to issue for Fitchburg on those negligence claims.
III. The Nuisance Issue; Count II
Finally, Fitchburg claims that this Court should grant summary judgment in its favor with respect to the Caveneys’ count for nuisance. Fitchburg argues that there is no genuine issue of material fact as to the Caveney’s claim for nuisance because “the nuisance claim is simply a negligence claim in disguise.” This Court is not persuaded by Fitchburg’s “wolf-in-sheep’s clothing” contention and, therefore, will refuse to grant summary judgment in favor of Fitchburg on the nuisance claim.
A private nuisance is actionable when a property owner creates, permits, or maintains a condition or activity on its property that causes a substantial and unreasonable interference with the use and enjoyment of the property of another. Murphy v. Chatham, 41 Mass.App.Ct. 821, 823 (1996) (citations omitted). In Murphy, the plaintiff alleged that the defendant-town’s failure to unblock a culvert pipe located on its property caused the flooding of plaintiffs cranberry bog. The Superior Court found the defendant-town liable for nuisance and the defendant-town appealed. The Massachusetts Appeals Court affirmed the trial court’s decision, holding that “The trial judge found that a blocked pipe on town property caused the flooding of [plaintiffs bog], which in turn caused a substantial reduction of [plaintiffs] cranberry crop . . . [The trial judge] found that the town allowed the nuisance to exist after having knowledge of it and after having a reasonable time to correct the problem. There was no error in finding that this constituted a nuisance.” Murphy, supra, at 823. (emphasis added).
The facts in the case at bar are analogous to Murphy. Following the first sewer back-up, the Town of Fitchburg could have opened up the street and unclogged the sewer pipe as its Department of Public Works employee, Mr. Jerszyk, had suggested. Fitch-burg, however, refused to do so. There is evidence that, *279 as a result of Fitchburg’s failure to unclog the sewer pipe, several additional sewer back-ups occurred, flooding the Caveneys’ residence numerous times in the days following the first sewer back-up and flood. Thus, genuine issues of material fact exist upon which a reasonable jury could conclude that Fitchburg “allowed the nuisance to exist after having knowledge of it and after having a reasonable time to correct the problem.” Id. Summary judgment will not enter in Fitchburg’s favor on the Caveneys’ nuisance claim.
ORDER
For the foregoing reasons, it is hereby ordered that Fitchburg’s Motion for Summary Judgment be ALLOWED, but only with respect to the Caveneys’ claim that Fitchburg was negligent in failing to choose a better policy for monitoring its sewer lines. As to all other counts that the Caveneys have asserted, Fitchburg’s Motion for Summary Judgment is DENIED.

In evaluating a motion for summary judgment, this Court must rely both on facts not in dispute and on disputed facts viewed in the light most favorable to the nonmoving party. Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995). Consequently, the facts as set forth in this decision are presented in the light most favorable to the plaintiffs and should not be misunderstood as findings of the Court.

Such presentment problems may be obviated in the future if a plaintiff forwards a presentment letter that references an enclosed complaint which sets forth the entire factual basis relating to the claim presented. See Gilmore v. Commonwealth, 417 Mass. 718 (1994).

The Caveneys’ nuisance claim is not subject to the procedural requirements of G.L.c. 258. See Murphy v. Chatham, 41 Mass.App.Ct. 821, 824-25 (1996).