ADAM WIGHTMAN[1] vs. TOWN OF METHUEN.

No. 87-941.

Essex.   May 9, 1988. — August 9, 1988.

Present: GREANEY, C.J., SMITH, & WARNER, JJ.

*Governmental Immunity. Actionable Tort. Public Officer. Municipal Corporations,* Liability for tort. *Negligence,* Public officer. *Massachusetts Tort Claims Act. Notice,* Claim under Massachusetts Tort Claims Act.

In an action for damages for personal injuries received by a second grade student resulting from a school incident, wherein it was alleged that school employees failed reasonably to supervise the activities of the students, summary judgment was properly entered for the municipal defendant by virtue of the discretionary function exception to the Massachusetts Tort Claims Act, G. L. c. 258, § 10 (*b*). [280-281]

A notice of a claim against a municipality under the Massachusetts Tort Claims Act that did not disclose the plaintiff's theory of negligent failure by school employees to provide medical attention to an injured elementary school student was not proper presentment of that claim under G. L. c. 258, § 4. [281-282]

CIVIL ACTION commenced in the Superior Court Department on January 30, 1986.

The case was heard by *Peter F. Brady,* J., on a motion for summary judgment.

*Kenneth Martin Knee* for the plaintiff.

*Maurice J. Lariviere, Jr.,* Town Counsel, for the town of Methuen.

WARNER, J. In this action for damages for personal injuries resulting from a schoolyard incident, the town of Methuen (town) moved for summary judgment on the ground that it was exempt from liability under the Massachusetts Tort Claims Act, G. L. c. 258, § 10(*b*), the so-called discretionary function

---

[1] The action is brought by his father and next friend, Bruce Wightman.

exemption. The motion was allowed, and the plaintiff appeals from the ensuing judgment for the town. We affirm.

We briefly summarize the essential facts as alleged in the materials before the judge and in the light most favorable to the plaintiff (for reasons which will later appear). On the morning of May 3, 1983, the plaintiff, Adam Wightman, a second-grade student, was injured on the grounds of an elementary school. There were two program supervisors in the area as the students awaited the start of the school day. An older boy, also a student, "attacked" the plaintiff by picking him up by his legs and spinning him around in the air. Although the plaintiff repeatedly asked him to stop, the older boy did not do so. The plaintiff was thrown to the ground, injuring his arm. Crying and in pain, the plaintiff went over to the two nearby staff persons. They did not examine his arm, but told him to go to class. His teacher noted the plaintiff's pain and his inability to participate in class and sent him to the nurse's office. There was no nurse on duty at the time; a gym teacher applied first aid, and the plaintiff's family was notified. The plaintiff had suffered multiple fractures of bones in his right arm and required surgery.

1. The plaintiff first claims that there are genuine issues of material fact, see Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974), on the question whether school employees failed reasonably to supervise the activities of the students. That claim, even assuming that the plaintiff could prove the facts set out above, is foreclosed by our opinion in Cady v. Plymouth-Carver Regional Sch. Dist., 17 Mass. App. Ct. 211 (1983). "Sizing up the gravity of a school yard feud, deciding how best to defuse it, and maintaining school discipline involve judgment, experience, and the intuition which is the sum of experience. Indeed, the very basis for judicial abstention from interference with the rules, decisions, and acts by which school authorities maintain decorum is that those are matters within their broad discretion." Id. at 216. "Management of student imbroglios, student discipline, and school decorum fall readily within the discretionary function exception to the Tort Claims Act." Id. at 217.

Under the Act, the exception applies even where there has been abuse of discretion. G. L. c. 258, § 10(*b*).

2. The plaintiff also argues that there is a basis of liability under the Massachusetts Tort Claims Act in the school personnel's failure to seek immediate medical attention for him. Such neglect would not come within the discretionary function exception. See *Whitney* v. *Worcester*, 373 Mass. 208, 223 (1977); *Cady* v. *Plymouth-Carver Regional Sch. Dist.*, *supra* at 215-216. That claim fails, however, for the reason, if no other, that the plaintiff did not properly present it.[2]

General Laws c. 258, § 4, as appearing in St. 1978, c. 512, § 15, provides, in pertinent part, that "[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . . ." Presentment must be made "in strict compliance with the statute." *Weaver* v. *Commonwealth*, 387 Mass. 43, 47 (1982). *Lodge* v. *District Attorney for the Suffolk Dist.*, 21 Mass. App. Ct. 277, 284 (1985). "Presentment ensures that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future." *Lodge* v. *District Attorney for the Suffolk Dist.*, *supra* at 283.

In relevant part, the presentment letter, dated January 22, 1985, read: "[A] notice is hereby given . . . of a claim for

---

[2] In light of our disposition we do not reach the issue, but there is serious question whether the claim of improper medical care was ever adequately presented to the Superior Court judge. The plaintiff did not raise it in his complaint. The statement under Mass. R.A.P. 8(c), as appearing in 378 Mass. 933 (1979), submitted by the parties and approved by the judge, and the plaintiff's affidavit mention the alleged failure to have a school nurse on duty at the time, but the question of a failure to respond adequately to the plaintiff's need for medical care is not broached directly. The only hint is in a fleeting reference to the issue in the plaintiff's brief in support of denial of the motion for summary judgment.

personal injuries caused by the negligent supervision and misconduct on the part of school officials . . ., on behalf of [the plaintiff]." The alleged "attack was undeterred, ignored and otherwise not prevented by school officials . . . . [The plaintiff] sustained serious injuries as a result." The notice cannot fairly be read as stating a claim of liability on account of the failure to seek immediate medical attention for the plaintiff.[3] It thus presented a claim which was barred under the holding of *Cady v. Plymouth-Carver Regional Sch. Dist.*, *supra*, decided over a year before, and failed to disclose a claim which might have been actionable. See *id.* at 215-216. As to the latter, the town was deprived of the opportunities for investigation, settlement, and preventive measures. The plaintiff's action could not, therefore, be maintained on a theory of failure to provide medical attention.[4]

*Judgment affirmed.*

---

[3] The first inkling of such a claim came in the plaintiff's affidavit filed in connection with the motion for summary judgment over four years after the cause of action accrued. See note 2, *supra*.

[4] As to this issue, the holding in *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. 51, 55-56 (1982), has no application. See note 2, *supra*. The town timely raised the question before the Superior Court.