ROOSEVELT PICKETT vs. COMMONWEALTH & others.[1]

No. 91-P-744.

Norfolk. September 22, 1992. - December 3, 1992.

Present: BROWN, KASS, & IRELAND, JJ.

Practice, Civil, Presentment of claim under Massachusetts Tort Claims Act. Massachusetts Tort Claims Act. Commonwealth, Claim against.

The filing of the complaint in a Federal civil action, naming as defendants various instrumentalities of the Commonwealth, did not serve to fulfil the presentment requirements of § 4 of the Massachusetts Tort Claims Act, G. L. c. 258, applicable to a Superior Court action against one or more of the same defendants, based on the same facts. [646-648]

CIVIL ACTION commenced in the Superior Court Department on February 28, 1990.

The case was heard by J. Harold Flannery, J., on a motion to dismiss.

Diane E. Cooley for the plaintiff.

Thomas E. Abruzzese for the defendants.

IRELAND, J. The sole issue presented in this case is whether the plaintiff may use a complaint in a Federal action to satisfy the presentment requirement of the Massachusetts Tort Claims Act, G. L. c. 258, § 4 (1992 ed.). We answer in the negative.

The facts are not in dispute. In March, 1987, the plaintiff, an inmate at the Massachusetts Correctional Institution, Norfolk, while working on a renovation crew at Westborough State Hospital, fell from a stepladder, injuring himself. Later, in July, 1987, he fell from a thirty-foot ladder, again injuring himself. In February, 1989, he filed a pro se com-

---

[1]Executive Office of Human Services, Department of Correction, Bay State Correctional Center, Department of Mental Health, and Westborough State Hospital.

plaint in the United States District Court for the District of Massachusetts against a number of State agencies, including, among others, the Executive Office of Human Services. The Federal complaint stated violations of various amendments to the United States Constitution, articles of the Massachusetts Constitution, State prisoners' rights statutes and various Federal civil rights statutes. That matter is still pending in Federal court.

On February 28, 1990, the plaintiff filed a claim under the Massachusetts Tort Claims Act (G. L. c. 258, hereinafter "Act"), again naming the Executive Office of Human Services as a party, among others[2] (note 1, *supra).* The claim was based on the same facts as his earlier civil complaint in the United States District Court. The Commonwealth moved to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). A judge of the Superior Court allowed the motion on the ground that the plaintiff had failed to comply with the presentment requirement of the Act. The plaintiff has appealed.

The plaintiff argues that (1) he complied with the presentment requirement under G. L. c. 258, § 4, and (2), even if he did not technically comply with presentment under c. 258, § 4, the Federal complaint was the functional equivalent of presentment and thus served the same purposes, namely, it apprised the defendants of the relevant facts underlying his claim, was in writing, and was timely served on the proper party.

Even if we assume that plaintiff's Federal complaint sets forth a claim for negligence, it was not sufficient for presentment under the Act. "Presentment must be made 'in strict compliance with the statute.'" *Wightman* v. *Methuen,* 26 Mass. App. Ct. 279, 281 (1988), quoting from *Weaver* v. *Commonwealth,* 387 Mass. 43, 47 (1982). The language in § 4 requiring presentment of a "claim in writing" does not

---

[2]The parties agree that the Secretary of the Executive Office of Human Services was the "executive officer" under G. L. c. 258, § 4, to whom presentment was required. He was the overseer of the governmental units as to which negligence was alleged.

envision the filing of a complaint. Rather, the statute invites a written notice of claim, which the government may investigate and decide to acknowledge before the commencement of legal combat which a complaint necessarily signals. See, e.g., *Carifio* v. *Watertown*, 27 Mass. App. Ct. 571, 574 (1989) (mailing notice of claim to the town clerk and a copy of the letter to the town manager, who was the executive officer, was deemed sufficient presentment); *Wightman* v. *Methuen*, 26 Mass. App. Ct. at 281 (referring to the "presentment letter"). Constructive notice is not sufficient to meet the presentment requirements of the Act. *Robinson* v. *Commonwealth*, 32 Mass. App. Ct. 6, 10 (1992). See also *Berube* v. *Northampton*, 413 Mass. 635, 637 n.3 (1992).

The purpose of presentment under c. 258 is to "ensure[] that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future." *Lodge* v. *District Attorney for the Suffolk Dist.*, 21 Mass. App. Ct. 277, 283 (1985). See also *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. 51, 57 (1982). If the filing of a lawsuit could itself serve as notification of a claim, it would effectively circumvent the purpose of the presentment requirement. See and compare *Eure* v. *United States Postal Serv.*, 711 F. Supp. 1365, 1369 (S.D. Miss. 1989) (filing of complaints against Postal Service did not serve as written notification of a claim for purposes of presentment under the Federal Tort Claims Act, 28 U.S.C. § 2675[a] [1982]). Presentment is intended to give notice to a party with the goal of resolving the matter *prior* to litigation. The presentment requirement envisions arbitration, compromise, or settlement of claims. See G. L. c. 258, § 5; *Holahan* v. *Medford*, 394 Mass. 186, 189 (1985). Moreover, the statutory requirements that there be both presentment within two years, and commencement of the action within three years, "are separate and distinct requirements." *George* v. *Saugus*, 394 Mass. 40, 42 (1985).

In sum, the purpose of presentment, to avoid litigation and promote settlement, was not satisfied here. "The statute is not intended to afford an arbitrary or trick means of saving the governmental entities from their just liabilities," *Carifio* v. *Watertown*, 27 Mass. App. Ct. at 576, nor is it intended to afford a party an arbitrary or trick means of providing notice. Litigation under the Massachusetts Tort Claims Act comes *after* presentment, not before.

*Judgment affirmed.*