Cratsley, J.
Defendant, City of Boston (“the City”), moves for summary judgment pursuant to Mass.R.Civ.P. 56. The City claims that it is shielded from liability due to the discretionary function exception of the Massachusetts Tort Claims Act. For the following reasons, defendant’s motion is granted.
FACTS
The undisputed material facts as established by plaintiffs complaint are as follows:[2] At the time of the *442 incident plaintiff was an eight-year-old second grade student enrolled at the Endicott Elementary School in Boston. On October 5, 1992 Keyette Peteefria, also a student at Endicott Elementary, allegedly assaulted plaintiff. Later that same day, Peteefria again assaulted plaintiff at lunch recess. Plaintiff subsequently brought suit against the City seeking compensation for the injuries she suffered at Peteefria’s hands. Plaintiff alleged that “[t]he Defendant, City of Boston, its agents and servants were aware or should have been aware that Keyette Peteef-ria had dangerous propensities and that she had assaulted the plaintiff earlier that day. The defendant failed to adequately and properly monitor the activities of its students.”
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving par ty is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809. (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing parfy cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLond v. Eissner, 405 Mass. 207, 209 (1989).
The Massachusetts Tort Claims Act exempts from liability “any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duly on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused.” G.L.c. 258, §10(b). It is well settled that “[m]anagement of student imbroglios, student discipline, and school decorum fall readily within the discretionary function exception to the Tort Claims Act.” Cady v. Plymouth-Carver Regional School District, 17 Mass.App.Ct. 211, 217 (1983); see Wightman v. Methuen, 26 Mass.App.Ct. 279, 280 (1988) (claim of negligent supervision by school officials foreclosed by Cady)-, accord Bencic v. City of Malden, 32 Mass.App.Ct. 186, 188 (1992) (claim of negligent supervision controlled by Wightman and Cady). Superior Court Justice Botsford recently examined the discretionary function exception in Alake v. City of Boston, 1 Mass. L. Rptr. No. 18, 380 (January 24, 1994). In Alake the Court considered whether the discretionary function exception applied to a claim of negligent supervision of students on a school field trip. The Court noted that “the decision of how to effectively supervise . .. students . . . involves both planning and policy choices with respect to the most appropriate allocation of school personnel resources. It would not be appropriate or constructive if the court were in the position of second-guessing these judgments . . .” Alake v. City of Boston, supra. Based on this rationale, the Court, citing Cady v. Plymouth Carver Regional School District, supra, Wightman v. Methuen, supra, and Bencic v. Malden, supra, held that the supervision of students is a discretionary function and is therefore exempted from the Massachusetts Tort Claims Act. Alake v. City of Boston, supra. The Appeals Court, however, recognized an exception to this general rule in Cady, stating “[w]e can imagine circumstances in which ignoring dangerous proclivities of a student might be negligent because the standards are clear.” Cady v. Commonwealth supra at 216-17.
Although plaintiffs case is facially appealing, upon further inspection the action is without merit. Plaintiff has failed to produce for this summary judgment proceeding any affirmative evidence establishing that school officials knew about Peteefria’s first assault on plaintiff. Moreover, there is no evidence whatsoever demonstrating that the school officials had knowledge of Peteefria’s dangerous propensities. Plaintiffs bald assertions in her complaint are insufficient to survive a motion for summary judgment. See LaLond v. Eissner, supra at 209 (party cannot rest on pleadings and assertions to defeat summary judgment). Absent proof that defendant ”ignor[ed] dangerous proclivities of the student,” this Court holds that this matter readily falls into the discretionsry function exception of the Massachusetts Tort Claims Act as enumerated in Cady. Moreover, this Court is guided by Judge Botsford’s decision in Alake v. City of Boston, supra, and further holds that it is improper for the Court to second-guess school officials’ decisions on how to effectively supervise students.
ORDER
This Court ORDERS that defendant’s motion for summary judgment is ALLOWED.

 It appears by the plaintiffs memorandum that she has adopted defendant’s statement of the facts for purposes of this motion.