Volterra, J.
The defendant, Commonwealth of Massachusetts Highway Department (“Department”), has moved for summary judgment based on Charles H. Billman’s (“Billman") failure to make proper presentment. For the reasons that follow, the Department’s Motion for Summary Judgment is allowed.
BACKGROUND
The plaintiff in this action filed a claim against the Commonwealth for damages relating to the removal of his construction equipment by New Boston Building Wrecking Company under the authority of the Department of Public Works (now the Massachusetts Highway Department). The claims made by the plaintiff are based on negligent hiring and negligence on an agency theory. He is seeking damages for lost income, the value of the equipment and attorneys fees and costs.
The plaintiff sent letters to both the Department at its regional office and New Boston attempting to get his equipment back. These attempts proved unsuccessful.
Billman then made attempts on his own and through counsel to contact the correct person to make claim. These attempts did not comply under the strict language of G.L.c. 258, §4, which requires that presentment be made to the Executive Office ofTranspor-tation and Construction (EOTC) or to the Attorney General.
During this same period, New Boston brought suit against the Commonwealth seeking a declaration as to the ownership rights of the equipment. This action was then voluntarily dismissed by New Boston.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material facts and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
The Massachusetts Tort Claims Act is clear and strict as to what is necessary to constitute proper presentment. General Laws, chapter 258, Section 4 states in pertinent part:
A civil action shall not be instituted against a public employer on a claim or damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . .
Billman failed to meet the strict presentment standards of the statute. Neither the executive officer or the Attorney General received a presentment letter.
The plaintiff claims that in recent cases this statute has been read in a less restrictive manner. Plaintiff alleges the correct people had knowledge of the action he had brought, and that he has fulfilled the intended purpose of the statute.
Plaintiff is correct that recent case law has, to some extent, loosened the requirements of strict presentment. However, these changes have been minor, requiring more convincing circumstances than those here. The exceptions to strict enforcement of the presentment rule have come when it is clear that the proper party has become notified and an investigation has begun by the responsible agency of government. Carifio v. Watertown, 27 Mass.App.Ct. 571 (1989) (the town attorney replied to a letter sent to the improper parly asking for more information so an investigation could be done). Moran v. Town of Mashpee, 17 Mass.App.Ct. 679 (1984) (where a party received improper presentment and suit was filed based on the presentment but the attorneys spoke about the matter and based on that conversation the complaint was not amended). Holahan v. Medford, 394 Mass. 186 (1985) (where the plaintiffs attorney spoke with the assistant solicitor who told him the claim was being investigated). The exceptions all contain similar communications and reasonable reliance by the parly issuing the faulty presentment. In the case at hand there is no evidence of communication between the parties. Likewise there is no evidence that either the Attorney General or the EOTC began an investigation into the matter.
Constructive notice does not amount to presentment pursuant to the statute.
The Act requires presentment to the official who has the authority to settle a claim before suit is instituted. See G.L.c. 258, §5. Thus, without actual presentment made in strict compliance assured of an adequate opportunity to investigate the circumstances surrounding that claim in order to determine whether an offer of settlement should be made.
Weaver v. Commonwealth, 387 Mass. 43 (1982).
The plaintiffs contention that the letters he sent along with the suit filed by New Boston gave the Department notice of claim against it fails to satisfy the presentment requirement. The law on this subject *366 is clear. Actual presentment is required. Reliance on a suit filed by a third party against the Commonwealth as amounting to presentment is unavailing. The filing of a separate civil action does not satisfy the presentment requirement. Pickett v. Commonwealth, 33 Mass.App.Ct. 645 (1992).
Accordingly, as on the undisputed facts the defendant is entitled to judgment as a matter of law. I allow the Defendant’s Motion for Summary Judgment.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment is ALLOWED.