Toomey, J.
Defendants Town of Southbridge and Kerry E. Varin have moved for summary judgment pursuant to Mass.R.Civ.P. 56. For the reasons discussed below, the motion is allowed in part and denied in part.
*476 BACKGROUND
The facts are not in dispute. On March 9, 1991, plaintiff Nicole Bastien (“Nicole”) was a student at Southbridge High School. On that date, she participated in two events as a member of the School’s cheerleading squad. First, she cheered for the School’s boys’ basketball team at a Division E playoff game. During halftime, the squad performed a routine during which Nicole injured her right knee. She so informed her cheerleading coach, defendant Varin (“Varin”). Ice was applied to Nicole’s knee and she sat out the second half of the game.
After the game, the cheerleading squad traveled to David Prouty High School in Spencer, Massachusetts to take part in the 44th Annual High School Cheer-leading Tournament. Before Nicole took the floor, the mother of a fellow cheerleader took off her daughter’s knee brace and offered it to Nicole. Varin told Nicole to wear the knee brace during the competition. Nicole followed this advice and applied the brace to her injured knee.
Nicole then proceeded to perform a cheerleading routine with the squad and, about half way through the routine, she came out of a high leap and crashed to the floor, re-injuring her right knee. As a result, Nicole required surgeiy, hospitalization and prolonged bedrest. She was required to postpone her matriculation to college for one year.
Plaintiffs, Nicole and her mother Patricia Bastien, subsequently filed suit under the Mass. Tort Claims Act, G.L.c 258, with an additional count against Varin individually. Defendants have moved for summary judgment claiming immunity from liability pursuant to the discretionary function exception, G.L.c. 258, §10(b).
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
A. The Public Employer
The Massachusetts Tort Claims Act, G.L.c. 256, recites, in relevant part: “Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances . . .” G.L.c. 256, §2. The so-called discretionary function exception, set forth at § 10(b), asserts that the Act’s provisions shall not apply to: “any claim based upon the exercise or performance or the failure to exercise or perform a discretionary Junction or duly on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused.” G.L.c. 256, §10(b) (emphasis supplied). In litigation under the Act, “The application of the discretionary function exception is a question of law for the court.” Alter v. Newton, 35 Mass.App.Ct. 142, 148 (1993), review denied 416 Mass. 1105.
Defendants cite several recent cases for the proposition that supervision of students qualifies as a discretionary function. See Bencic v. Malden, 32 Mass.App.Ct 186, 188 (1992) (negligent supervision claim of plaintiff, a special needs student, injured while fleeing from an altercation with another student, failed because supervision of students generally, and special needs student in particular, is a discretionary function); Wightman v. Methuen, 26 Mass.App.Ct. 279, 280 (1988) (claim of second grade student, who alleged school’s negligent supervision of playground allowed older student to injure him, was foreclosed by the discretionary function exception); Cady v. Plymouth-Carver Regional School District, 17 Mass.App.Ct. 211, 216-17 (1983), review denied, 391 Mass. 1103 (supervision decisions within broad discretion of school authorities).
The conduct complained of here is not limited to supervision. Plaintiffs allege that Varin was negligent in failing to seek immediate medical attention for Nicole when she first injured her knee, in applying an orthopedic device prescribed for another member of the cheer-leading squad, and in permitting her to perform in the tournament. The Appeals Court has stated, in dicta, that the failure of school personnel to seek immediate medical attention for an injured student would not come within the discretionary function exception. Wightman, 26 Mass.App.Ct. at 281, citing Whitney v. Worcester, 373 Mass. 208, 223 (1977), and Cady, 17 Mass.App.Ct at 215-16. It follows that the exception could not be invoked to protect conduct that placed an already injured student at risk of further injury.
Further, in Roman v. Boston, Suffolk Superior Court, C.A. 92-6580 [1 Mass. L. Rptr. 441], the court (Cratsley, J.), granted summary judgment for defendant pursuant to the discretionary function exception, but implied that the exception could be overcome in some circumstances. In Roman, an eight-year-old second grader was assaulted by an older student, and then assaulted again by the same student at lunch recess. The plaintiff argued that the defendant should have been aware of the aggressor’s dangerous propensities and should have known that she had assaulted the plaintiff earlier that day. Judge Cratsley observed that plaintiff had failed to produce evidence tending to support either fact. He wrote, “[a]bsent proof that defendant ’ignor[ed] dangerous proclivities of the student,’ this Court holds that this matter readily falls into the discretionary function exception of the Massachusetts Tort Claims Act. . .” Roman, supra at 4-5.
*477 In contrast, it is undisputed at bar that Varin knew Nicole had been injured earlier in the day. Additional' facts alleged and not disputed, to wit, that Varin gave Nicole ice to apply to her knee and later told Nicole to wear a knee brace prescribed for another member of the cheer leading squad, permit the inference that Varin anticipated and ignored the dangers inherent in Nicole’s participation in the cheerleading tournament. Where such an inference can be drawn in favor of the plaintiffs as nonmoving parties, summary judgment for defendant is inappropriate. See Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 538 (1995); Connecticut National Bank of Hartford v. Kommit, 31 Mass.App.Ct. 348, 353 (1991).
B. The Public Employee
The Tort Claims Act provides, in part, that “no . . . public employee . . . shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment.” G.L.c. 258, §2.
In the preliminary recitations of plaintiffs’ complaint, they state that “Defendant Varin is sued both in her individual capacity and as an agent, servant and/or employee of the Town of Southbridge.” Complaint at para. 5. This is an apparent attempt to maintain a cause of action against Varin despite' the language of §2 immunizing her from liability in her capacity as a public employee. This position is inconsistent, however, with plaintiffs’ further assertion that Varin “was, at all times pertinent hereto, ... an agent, and/or employee of the Town of Southbridge in the capacity, inter alia, of a high school cheerleading coach.” Complaint at para. 4. Further, plaintiffs have offered no evidence to support the assertion that Varin acted in an individual capacity and not in her capacity as a public employee at all times relevant to this case. Accordingly, Varin is entitled to summary judgment by reason of the immunizing effects of G.L.c. 258, §2.
CONCLUSION
Defendants’ motion for summary judgment is ALLOWED as to Count II and, further, defendants’ motion for summary judgment is DENIED as to Count I.