Martin, RJ.
This matter comes to the Appellate Division concerning the Trial Court’s application of M.G.LAc. 258, §10J to the facts of the case. The judge in the Trial Court ruled that the plaintiffs’ action was governed by M.G.LAc. 258, §10J and granted the defendant’s motion to dismiss. We affirm and find no error or abuse of discretion on the part of the trial justice.
The facts of the matter indicate that the minor plaintiff was running along the bleachers in the gym and jumping to the basketball net. While jumping to the net, his finger got caught in the basketball net causing him injury. The plaintiffs’ claim is based upon the failure of a school teacher to prevent the plaintiff from injuring himself as a consequence of the plaintiff voluntarily creating the situation that injured him. M.G.L.A.C. 258, §10 provides in pertinent part:
(J) any claim based upon an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tor- *45 tious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer.
The facts indicate that the condition that resulted in the injury to the minor plaintiff was not caused by the defendant or its servants agents or employees and was not one for which the defendant was responsible, Wightman v. Town of Methuen, 26 Mass. App. Ct. 279 (1988) and that the claim is barred by the provisions of M.G.LAc. 258, §10.
The plaintiffs complain that the judge abused his discretion in not allowing the Rule 52(b) motion, the Rule 59 motion, and the Rule 15 motion to amend. We find no abuse of discretion as the finding by the judge was not clearly erroneous, Kendall v. Selvaggio, 413 Mass. 619 (1992).