Graham, J.
INTRODUCTION
Plaintiffs brought this action against the City of Waltham after the plaintiff, Joel R. Rayberg, a minor, was injured during a recess kickball game played at Drake Park, which is located in Waltham. The complaint is in three counts, although it alleges numerous causes of action. In Count I, the plaintiff, Joel R. Rayberg, alleges that the City of Waltham (a) negligently permitted a dangerous and unsafe condition to exist, (b) willfully and knowingly permitted a dangerous and unsafe condition to exist, (c) negligently failed to provide and install a proper and adequate surface on the playground, and (d) negligently failed to warn or give notice of a dangerous and unsafe condition. In Count II, the plaintiff, Joel R. Rayberg, alleges that the City of Waltham, via its employees, (a) negligently supervised the students, (b) negligently failed to institute a proper supervision plan to monitor students, and (c) negligently assigned inadequate personnel to watch over the students. In Count III, the plaintiff, Leslie Walsh, brings a cause of action for loss of consortium and also seeks future medical expenses for her son. The defendant moves for summary judgment on the grounds that presentment was insufficient under G.L.c. 258, §4, that it is immune from liability under G.L.c. 258, §10(b), (f), and (j), and that it is entitled to the benefit of G.L.c. 21, §17C (the “Recreational Use Statute”). For the reasons set forth below, defendant’s motion for summary judgment is ALLOWED as to Count 1(b), Count II, and Count III, and DENIED as to Count 1(a), 1(c), and 1(d).
STATEMENT OF UNDISPUTED FACTS
On October 22, 1991, the plaintiff, Joel R. Rayberg (“Rayberg”), was a sixth-grade student at the T.R. Plympton School in Waltham, Massachusetts. While playing kickball during recess at Drake Park, Rayberg slid into the area where first base would typically be located, feet first.[3] There were no bases on the diamond. Upon sliding into the ground near first base, Rayberg struck a metal base anchor. As a result of the contact, Rayberg sustained injuries to his right leg.
In addition to Rayberg’s claims, his mother, Leslie Walsh (“Walsh”), has filed a claim for loss of consortium and future medical expenses for her son.
DISCUSSION
A. Standard of Review
Summary judgment is appropriate where there are no genuine issues of material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). A parly in a civil action moving for summary judgment on a claim on which the opposing party will have the burden of proof at trial is entitled to summary judgment if it demonstrates that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
B. Presentment Pursuant to G.L.c. 258, §4
The defendant asserts, based upon G.L.c. 258, §4, that Walsh has failed to properly present her claims, *184 and that Rayberg has failed to present sufficient notice of additional claims now found in his complaint. The plaintiffs argue that their presentment letters are sufficient and provide the requisite notice required by G.L.c. 258, §4.
General Laws c. 258, §4, provides, in pertinent part, that “[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . .” Presentment must be made “in strict compliance with the statute.” Wightman v. Methuen, 26 Mass.App.Ct. 279, 281 (1988), quoting Weaver v. Commonwealth, 387 Mass. 43, 47 (1982). “Presentment ensures that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future.” Wightman v. Methuen, supra at 281, quoting Lodge v. District Attorney for the Suffolk Dist., 21 Mass.App.Ct. 277, 283 (1985).
On May 27, 1993, Rayberg, through his attorney, purported to give notice of his claim pursuant to G.L.c. 258; §4.[4] The letter stated the date of the accident, that it occurred during recess at a park adjacent to the school, that it occurred while Rayberg was under the supervision of teachers, that it occurred when Rayberg slid into first base and struck a spike that damaged his right leg, and that Rayberg was taken to the hospital where he remained hospitalized for six days. The second paragraph stated that the injuries occurred “as a result of the negligent supervision and failure to take appropriate safety precautions by certain agents, servants and/or employees of the T.R. Plympton School ...”
On September 28, 1993, Rayberg sent a second notice of his claim pursuant to G.L.c. 258, §4.[5] The only alteration from the first notice was the second paragraph which now stated the injuries were sustained “as a result of the negligence of the City of Waltham by its agents, servants or employees for its negligence by permitting a dangerous condition to exist at a certain ball park owned and maintained by the City of Waltham and failing to warn the claimant of such a dangerous condition.” On October 1, 1993, Rayberg sent another letter of presentment, identical to the September 28, 1993, letter, to Paul McGovern, Principal of the T.R. Plympton School in Waltham.
“There is no doubt that the second letter may be tacked to the first and the two considered together ...” Carifo v. Watertown, 27 Mass.App.Ct. 571, 575 (1989). Taken collectively, the presentment letters can be said to set forth the following causes of action on behalf of Rayberg: negligent supervision by school personnel, (2) negligently failing to take adequate safety precautions by school personnel, (3) negligently permitting a dangerous condition to exist at the park, and (4) negligently failing to warn of a dangerous condition.
All of the presentment letters were sent on behalf of Rayberg. The fact that the letters indicated'that Rayberg’s claims were being asserted through his mother and next friend, fails to give any indication that Walsh is bringing claims on her own behalf. In Massachusetts, loss of consortium is a separate cause of action, that can be asserted independent from the cause of action of a person seeking compensation for physical injury. Bilodeau v. Lumbermens Mut. Cas. Co., 392 Mass. 537, 539 (1984); Feltch v. General Rental Co., 383 Mass. 603, 607-08 (1981). The presentment letters cannot fairly be read as to give notice to the defendant that Walsh intended to bring claims on her own behalf. See Tambolleo v. Town of West Boylston, 34 Mass.App.Ct. 526, 532-33 (1993) (concluding letter cannot “fairly be read” to state other causes of action); Wightman v. Methuen, supra at 281-82 (stating presentment letter cannot “fairly be read” to state second cause of action). As no presentment was made pursuant to G.L.c. 258, §4, Count III of the plaintiffs’ claim must be dismissed.[6]
In addition, the presentment letters speak in terms of negligence. There is no direct reference to intentional, willful conduct, nor can the letters be fairly read so as to include a claim for intentional conduct. The defendant, having received the letter, would not be put on notice to investigate such claims, which is the purpose of G.L.c. 258, §4. See Lodge v. District Attorney for the Suffolk Dist., supra at 283; Wightman v. Methuen, supra at 281. As negligent conduct and intentional conduct are two distinct states of mind, with diverse ramifications, Rayberg’s current claim under Count 1(b) must be dismissed as he has failed to give sufficient presentment pursuant to G.L.c. 258, §4.[7] See Tambolleo v. Town of West Boylston, supra at 532-33 (holding letter stating only intentional tort was insufficient to sustain later negligence claim on same set of facts); Wightman v. Methuen, supra at 281-82 (concluding letter alleging negligent supervision is insufficient to later assert claim for negligent failure to seek medical attention).
While Count III and Count 1(b) must be dismissed due to insufficient presentment, “(t]he statute is not intended to afford an arbitrary or trick means of saving the governmental entities from their just liabilities.” Pickett v. Commonwealth, 33 Mass.App.Ct. 645, 648 (1992), quoting Carifo v. Watertown, supra at 576. The remaining negligence claims found in Count I, as described above, can be fairly read from Rayberg’s second letter, even though the claim found in Count 1(c), negligently failing to provide and install a proper and adequate surface, was not specifically mentioned. See Gilmore v. Commonwealth 417 Mass. 718, 722-23 (1994) (concluding claim was “not so obscure that *185 educated public officials should find themselves baffled or misled . . ."). The three negligence claims found in Count U, as described above, also can all be fairly read as being- encompassed within Rayberg’s first presentment letter.
C. Immunity Pursuant to G.L.c. 258, §10(b), (f), and (j)
1. G.L.c. 258, §10(b)
G.L.c. 258, § 10(b) exempts the defendant from liability for “any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused.” In determining whether Section 10(b) applies to a given situation,, the court must determine, first, whether the defendant had any discretion in determining the appropriate course of conduct and, second, whether the discretionary conduct involved policy-making or planning. Horta v. Sullivan, 4 F.3d 2, 17 (1st Cir. 1993), citing Harry Stoller & Co. v. City of Lowell, 412 Mass. 139, 141 (1992).
In Count II, the plaintiff alleges that the defendant was negligent in failing to supervise the students, failing to have an adequate supervision plan, and assigning inadequate personnel to recess. Even if the plaintiff could make an ample showing of negligence, the defendant is exempt from liability under these claims. See Bencic v. Malden, 32 Mass.App.Ct. 186, 188 (1992); Wightman v. Methuen, supra at 280. Massachusetts case law clearly illustrates that the supervision of students is a discretionary function falling within the parameters of G.L.c. 258, §10(b). Bencic v. Malden, supra at 188; Wightman v. Methuen, supra at 280; Cady v. Plymouth-Carver Regional School Dist., 17 Mass.App.Ct. 211, 216 (1983). “Management of student imbroglios, student discipline, and school decorum fall readily within the discretionary function exception to the Tort Claims Act.” Wightman v. Methuen, supra at 280, quoting Cady v. Plymouth-Carver Regional School Dist., supra at 217. Additionally, the decision of how many monitors to assign to recess, the devising of an adequate supervision plan, and the decision to play kickball, are also discretionary functions undertaken by school officials that are exempt under Section 10(b).[8] The decisions school officials and teachers make surrounding recess and recess activities for minors are the types of discretionary decisions encompassed within Section 10(b). As such, Count II of the plaintiffs’ complaint must be dismissed.[9]
2. G.L.c. 258, §10(f)
The defendants assert that G.L.c. 258, § 10(f) relieves the defendant from liability for the failure to inspect or negligent inspection. Section 10(f) provides an exemption for “any claim based upon the failure to inspect, or an inadequate inspection, of any property, real or personal, to determine whether the properly complies with or violates any law, regulation, ordinance or code ...” This court finds Section 10(f) inapplicable to Count I of the plaintiffs’ complaint, wherein they allege the defendant negligently permitted a dangerous and unsafe condition to exist, negligently failed to provide and install a proper surface, and negligently failed to warn.
3.G.L.c. 258, §10(j)
The defendant asserts that G.L.c. 258, §10(j) provides sovereign immunity for the defendant for all claims under Count I. Section 10(j) provides immunity to the defendant for “any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person . . .” The defendant, however, has failed to notice that section 10(j) continues to state that, “(t]his exclusion shall not apply to: . . . (3) any claim based on negligent maintenance of public property . . .’’As Count I is directed toward the negligent condition of public property, Section 10(j) is inapplicable.
D. Recreational Use Statute (G.L.c. 21, §17C)
The defendant argues that it is immune from liability because of G.L.c. 21, §17C.[10] The problem with defendant’s argument is that Rayberg was not just a member of the public, but was a student to whom it owed a duty of care. Alter v. Newton, 35 Mass.App.Ct. 142, 149 (1993), and cases cited. “Because of the relationship between a school and its students, the city had a duty of care to the plaintiff to provide her with reasonably safe school premises,” or, in this matter, a reasonably safe playground. Alter v. Newton, supra at 145; see Mullins v. Pine Manor College, 389 Mass. 47, 54 (1983); Whitney v. City of Worcester, 373 Mass. 208, 223 (1977). “ ‘[I]f the recreational use statute were applied to injuries children suffered while on school premises as students,’ the special relationship of the school to its students would be substantially impaired.” Alter v. Newton, supra at 149, quoting Bauer v. Minidoka Sch. Dist. No. 331, 116 Idaho 586, 588-89 (1989). As such, the recreational use statute does not aid the defendant.
CONCLUSION
In conclusion, this court finds that Count III and Count 1(b) of the plaintiffs’ complaint must be dismissed due to insufficient presentment pursuant to G.L.c. 258, §4. Moreover, Count II of the plaintiffs’ complaint must be dismissed as the defendant has immunity, pursuant to G.L.c. 258, §10(b), under the discretionary function doctrine. There is, however, no ground to dismiss the plaintiffs, Rayberg, remaining claims: Count 1(a), 1(c), and 1(d).
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment is *186 ALLOWED as to Count 1(b), Count II, and Count III, and DENIED as to Count 1(a), 1(c), and 1(d).

It appears that the T.R. Plympton School holds its recess periods at Drake Park, which is located across the street from the school. There is, however, no summaryjudgment evidence to support this proposition.

The letter was sent to William F. Stanley, Chairman of the Waltham School Department; Peter Koutoujian, Waltham City Clerk; William Suplit, Principal of the T.R. Plympton School; and John DaDona, Superintendent and Clerk of the Waltham School Department. The defendant does not argue that the letter was sent to the wrong individual, but rather challenges its sufficiency.

The September 28, 1993, letter was sent to same four individuals as the May 27, 1993, letter, but also sent to Ms. Sandra Place at the Parks & Recreation Department of the City of Waltham.

This court, however, points out that future medical expenses can still be recovered through, and are more properly included in, Rayberg’s claims.

In addition, the plaintiff has failed to adduce any evidence showing that the defendant’s actions were intentional or willful.

Plaintiffs’ exhibit of page two from the Staff Handbook, which states that teachers must “Actively supervise students on the playground,” fails to persuade this court that the defendant’s employees were merely carrying out previously established policies or plans. Cf. Bencic v. Malden, supra at 188 (quoting “when the particular conduct claimed to be tortious involves . . . the carrying out of previously established policies or plans, such acts should be governed by the established standards of tort liability applicable to private individuals or entities . . .)

Count I of the plaintiffs’ complaint, however, is not affected by Section 10(b). See Alter v. Newton, 35 Mass.App.Ct. 142, 147 (1993) (stating the alleged negligence by the city in failing to warn of the danger does not fall within the exception of §10(b)).

That statute provides:
An owner of land who permits the public to use such land for recreational purposes without imposing a charge or fee therefor, or who leases his land for said purposes to the commonwealth or any political subdivision thereof shall not be liable to any member of the public who uses said land for the aforesaid purposes for injuries to person or property sustained by him while on said land in the absence of willful, wanton or reckless conduct by such owner . . .