Ferrara, John S., J.
On April 16,2010, the plaintiff, Olive Vilensky, brought this action against the town of Milford. On April 22, 2011, the plaintiff moved to amend her complaint to add The Greenleaf Garden Club of Milford as a defendant. The plaintiff alleges (1) negligence and (2) reckless conduct by the town of Milford. The town of Milford now moves for summary judgment on all counts pursuant to Mass.R.Civ.P. 56. For the reasons set forth below, the defendant’s motion for summary judgment is ALLOWED.
BACKGROUND
The facts and reasonable inferences therefrom, viewed in the light most favorable to the nonmoving party, are as follows.[2]
The plaintiff is a retired woman who resides in Hopedale, Massachusetts. At the time of the events described herein, she was a member of the Red Hat Society, a worldwide social group with various chapters. On October 15, 2008, the plaintiff drove her car to a designated parking area for the Milford Public Library in Milford, Massachusetts, where she was to attend a meeting of the Red Hat Society. No fee was charged to the society or the plaintiff for the use of the library on this date.
The plaintiff left her car and walked toward a library entrance through a landscaped area that sits between the library and the parking lot. As she traversed the path through this area, the plaintiff tripped on the raised edge of one of the concrete slabs which comprised the walkway. This raised edge was covered with leaves at the time, making it difficult to see. This area was not regularly cleared, as the defendant wished to discourage its use to access the library. The plaintiff caught her foot on the raised edge of the concrete slab, causing her to fall and strike her hand and chin. As a result, the plaintiff broke bones in her hand which required surgical repair. The surgery was temporarily disabling and the plaintiff subsequently has sustained a lasting loss of strength and range of motion in her hand.
DISCUSSION
Summary judgment is appropriate if “the pleadings, depositions, answers to interrogatories, and responses to requests for admissions under Rule 36, together with the affidavits .. . show that there is no genuine issue of material fact and that the moving parly is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989); Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983). The moving parly bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving parly to judgment as matter of law. Pederson, 404 Mass. at 16-17. The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party will not reasonably be able to prove an essential element of his case. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors, 410 Mass. 706, 716 (1991).
Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact for trial. Mass.R.Civ.P. 56(e); Pederson, 404 Mass. at 17. The court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. Attorney Gen. v. Bailey, 386 Mass. 367, 370-71 (1982).
I. The Negligence Claim and G.L.c. 21, §17C
The defendant acknowledges it is the owner of the property on which the plaintiff was injured. However, it asserts that the property in question is a location *416 open to the public for recreation or similar purposes without any fee, and therefore is covered by G.L.c. 21, §17C. Under G.L.c. 21, §17C, owners of such properties, including municipal owners, are liable only for injuries or damage suffered by members of the public if these result from “wilful, wanton, or reckless conduct.” G.L.c. 21, §17C(a); Anderson v. Springfield, 406 Mass. 632, 634 (1990). As a result, the defendant argues, it may not be held liable for injuries or damages on the property resulting from mere negligence.
The plaintiff argues that the land is not a designated park, and that the walkway on which she was injured is a walkway to the library’s door. The defendant argues that theTandscaped area through which the walkway runs is designated as a park, with a monument so naming it, and that even if it is not considered as such and is considered a part of the library property, the library, too, is covered by G.L.c. 21, §17C.
General Laws c. 21, §17C protects owners of land or an interest in land
including the structures, buildings, and equipment attached to the land, including without limitation, wetlands, rivers, streams, ponds, lakes, and other bodies of water, who lawfully permits the public to use such land for recreational, conservation, scientific, educational, environmental, ecological, research, religious, or charitable purposes without imposing a charge or fee therefor . . .
Assuming that the area in question is an extension of the library, the court holds that the library and its lands are one of the sites contemplated by the statute. The library is open to the public, without a fee, for a variety of educational, research, recreational and charitable purposes. Therefore, as the plaintiff was injured on library properly, she will be unable to recover absent a showing of “willful, wanton, or reckless” conduct by the defendant.
The plaintiff further argues that she was not utilizing the landscaped area for recreation, but rather to access the library. However, the plaintiff acknowledges that she was entering the library to attend a meeting of a social group and that no fee was charged for her admission to the library. Further, the landscaped area itself was open to the public for purposes including recreation and no fee was required to enter it. Whether or not the landscaped area is viewed as a separate entity from the library, the plaintiff entered on it as a “recreational user” within the meaning of the statute. Dunn v. City of Boston, 75 Mass.App.Ct. 556, 559-60 (2009). As a result, G.L.c. 21, §17C applies. Even if the plaintiff was not specifically intending to recreate in the landscaped area, the plaintiffs subjective intention with respect to the use of the property is irrelevant. Ali v. City of Boston, 441 Mass. 233, 238 (2004); Dunn, 75 Mass.App.Ct. at 559. What is important is from what source the plaintiffs permission to enter and traverse the area derives. Dunn, 75 Mass.App.Ct. at 559. The plaintiff entered the area to access the library for a recreational purpose and was therefore covered by the statute. The question is not the plaintiffs subjective intent in utilizing the walkway, but rather whether she was engaged in “an objectively recreational activity” when she did so. Ali, 441 Mass. at 238. The plaintiffs act of walking through the landscaped area to enter the library for a social club meeting qualifies as “objectively recreational.” Therefore, because G.L.c. 21, §17C applies, the plaintiff cannot recover on a theory of negligence.
II. The Presentment Letter and the Recklessness Claim
As a municipality, Milford enjoys immunity pursuant to the Massachusetts Tort Claims Act and can only be sued within the framework established by G.L.c. 258. One provision of the act, G.L.c. 258, §4, requires that in order to bring suit against a public employer, the plaintiff must present its claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose. G.L.c. 258, §4. The plaintiff did provide a Presentment Letter, dated November 24, 2008, which stated the plaintiffs claims for negligence. This letter was presented to Milford’s mayor, as required. G.L.c. 258, §1.
The defendant argues that because the Presentment Letter did not explicitly state a claim for recklessness, it enjoys immunity from this claim. While the letter did not explicitly state a claim for recklessness, the court concludes that it provided sufficient information to make out a claim for recklessness and therefore provided adequate notice of the claim. The purpose of the presentment requirement is to ensure that “the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future.” Lodge v. District Att’y for the Suffolk Dist., 21 Mass.App.Ct. 277, 283 (1985). The requirement is not a “trick means to save government entities from their just liabilities.’’ Pickett v. Commonwealth, 33 Mass.App.Ct. 645, 648 (1992), quoting Carifo v. Watertown, 27 Mass.App.Ct. 571, 576 (1989). Here, the presentment accomplished its intended purpose and the claim for recklessness is not barred by G.L.c. 258, §4.
III. The Recklessness Claim
The reckless conduct alleged here was the defendant’s failure to remedy the raised section of sidewalk that presented a tripping hazard, and its failure to clear the leaves from the area, thereby concealing and exacerbating the hazard. The plaintiff argues the conduct or inaction rises to the level of recklessness because the defendant affirmatively created the hazard by failing to make repairs to the area in order to deter members of the public from entering it.
*417 The language of G.L.c. 21, §17C excludes from its protection “wilful, wanton or reckless” conduct. Practically, this exclusion covers conduct which can simply be termed reckless. Sandler v. Commonwealth, 419 Mass. 334, 335 (1995). “Reckless conduct may consist of a failure to act, if there is a duiy to act, as well as affirmative conduct.” Id. at 336.
In the civil context, the definition of “reckless disregard of safety” which applies:
is that set forth in the Restatement (Second) of Torts §500 (1965): “The actor’s conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligence.”
Boyd v. National R.R. Passenger Corp., 446 Mass. 540, 546 (2006).
To make a finding of recklessness, the risk ignored must be a grave one. For failure to act to be deemed reckless, one must intentionally or unreasonably disregard a risk that presents “ a high degree of probability that substantial harm will result to another.” Sandler, 419 Mass. at 336. The conduct complained of must “involve an easily perceptible danger of death or substantial physical harm, and the probability that it will so result must be substantially greater than is required for ordinary negligence.” Boyd, 446 Mass. at 547. The conduct or failure to act here does not rise to the level of recklessness because the risk presented did not include a probable consequence of death or grave bodily injury. While a risk that someone might fall and suffer an injury was readily apparent, the risk of death or grave bodily injury was not.
A variety of instances of more egregious conduct or omissions have been held not to constitute recklessness. In Sandler, despite knowledge of the danger, the city of Boston failed to remedy conditions in a tunnel along a bike path where storm drains were regularly left uncovered at the same time that the lighting was damaged and not functioning. While the city’s conduct was deemed unreasonable, it was not reckless. Sandler, 419 Mass. at 335, 337-38. See also, Mounsey v. Ellard, 363 Mass. 693 (1973) (failure to repair a drain, such that ice accumulated, not reckless); and Carroll v. Hemenway, 315 Mass. 45 (1943) (failure to address an open, unlit elevator well near the entrance to a building and into which a plaintiff fell, not reckless). As the defendant’s conduct or omissions cannot be termed reckless, the claim of wilful, wanton or reckless conduct fails.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Defendant’s Motion for Summary Judgment is ALLOWED. Judgment shall thereby enter for the defendant town of Milford on each of the plaintiffs counts against it.

 Foster v. Group Health, Inc., 444 Mass. 668, 672 (2005).